Leonard C. SYKES, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 7043.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1955.

Decided July 14, 1955.

Robert S. Cahoon, Greensboro, N. C., for appellant.

Robert L. Gavin, Asst. U. S. Atty., Greensboro, N. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment and sentence of imprisonment entered upon the verdict of a jury finding appellant guilty under a two-count indictment charging him, under the first count, with aiding and abetting in the embezzlement of funds from a bank insured with the Federal Deposit Insurance Corporation and, under the second count, with assisting the embezzler to escape, after having knowledge that the crime had been committed. 18 U.S.C. sections 2, 3, and 656. There was ample evidence to support the verdict of the jury. It appeared that a Mrs. McElvain was a teller in the Bank of Greensboro; that she and her husband began gambling and that she was embezzling the funds of the bank over a period of several months to cover the gambling losses and in an effort to retrieve them by further gambling; that during a part of this time her husband was absent in Florida gambling on horse races and that she sent him sums of money through appellant, who transmitted them by Western Union Telegraph; that appellant knew that she was short at the bank at the time he transmitted these funds which he knew were being transmitted for gambling purposes; and that when she decided that her position was hopeless and that she would embezzle as much as she could and flee with her husband, appellant knew of this decision and helped her divert the officers by bringing her car from the airport and parking it at the railroad station at her husband's request. Appellant did not take the stand and introduced no evidence. A reading of the transcript of the testimony leaves no doubt as to his guilt on both counts of the indictment. No exceptions were taken to the admission of the testimony or to the charge of the court, and the trial judge found that there was no substantial question to be presented by the appeal and denied bail

pending appeal. Motion has been made before us for bail and counsel for the government has moved that the appeal be dismissed as frivolous.

We have heretofore denied the motion for bail, being convinced on oral argument that no substantial question was involved in the appeal. Before passing finally on the motion to dismiss, however, we have had the complete record of the trial certified up that we might examine it. We have now made that examination and find no merit whatever in the points presented. Appellant contends that it was not shown that the bank was insured with the Federal Deposit Insurance Corporation. It appears, however, that this was stipulated by the parties at the beginning of the trial. After counsel had so stipulated the court dictated the following entry into the record: "Let the record show that it is stipulated by and between counsel that the bank along with its branches is insured with the Federal Deposit Insurance Corporation." Appellant contends that the stipulation was that the bank "is" insured instead of "was" insured at the time of the embezzlement; but the trial judge charged the jury that the parties had stipulated that the bank was insured and no exception was taken to the charge. The stipulation, of course, related to the time of the embezzlement and was manifestly so understood at the time. It is absurd to make contention to the contrary.

The only other point made is as to the sufficiency of the evidence to take the case to the jury, but there certainly can be no question as to this. The sentence imposed was no greater than might have been imposed under the first count of the indictment; and, even if there were doubt as to the second count, any error with respect thereto would be harmless. We do not think, however, there was any error as to that count.

The appeal will be dismissed as frivolous.

Appeal dismissed.