Dennis SURRATT, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. No. 1095.

United States Court of Appeals
District of Columbia Circuit.

Nov. 5, 1958.

Mr. Dennis Surratt, petitioner, pro se.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher and John W. Warner, Jr., Asst. U. S. Attys., for respondent.

Before PRETTYMAN, Chief Judge, and EDGERTON and BASTIAN, Circuit Judges.

PER CURIAM.

■■ An indigent petitioner without benefit of counsel asks leave to appeal *in forma pauperis* from a criminal conviction. "Normally, allowance of an appeal should not be denied until an indigent has had adequate representation by counsel." Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060. The question is not whether we should appoint counsel, but whether we should appoint an attorney to whom petitioner objects. We think this would be unfair both to the attorney and to the petitioner. In order to avoid any possible misunderstanding, we emphasize that we do not question in the slightest degree either the good faith or the competence of any person.

Our usual practice is to appoint new counsel and not trial counsel to represent a petitioner or an appellant in this court. We shall follow this practice in the present case. We followed it in Mitchell v. United States, 104 U.S.App. D.C. ——, 259 F.2d 787, certiorari denied 79 S.Ct. 81. That case is not otherwise pertinent here. Mitchell was not appealing from a criminal conviction but from denial of a motion under 28 U.S.C. § 2255 to vacate a sentence. The time for appealing his conviction had expired before his motion was filed. We held he was not entitled to an evidentiary hearing in the District Court on his allegations that his trial counsel was incompetent. No such question is presented here. The petitioner Surratt is not seeking an evidentiary hearing on any subject, but only to take a timely appeal from a conviction.

■ Because he has no funds, he asks to be allowed to proceed without prepayment of costs. We are in no position to decide now whether he is entitled to that privilege. In order that he may have what every convicted person is entitled to, a fair opportunity to point out any possible error of the trial judge, we are providing counsel. Not knowing

what issues, if any, counsel will present, we cannot know whether they will be frivolous. If counsel presents an issue that is not clearly frivolous, we must permit petitioner to appeal without prepayment of costs, in order that he may have the same opportunity to proceed with his appeal that a person able to pay costs would have.

The petition will be held in abeyance in order that counsel to be appointed may file a memorandum and the respondent may file a reply.

PRETTYMAN, Chief Judge (dissenting).

Some two hundred petitions to appeal *in forma pauperis* in criminal cases (including motions under 28 U.S.C. § 2255 and similar matters) were filed in this court in our last fiscal year. That was about twice the number filed during the prior year. It is estimated that currently one petition is being filed each working day. In all these cases petitions have been filed in the District Court and denied there. A great majority of the petitions bear internal evidence of preparation by the same person or group of persons. Every one of the petitioners had counsel at trial, sometimes retained and sometimes appointed. Almost all of the petitions to this court are *pro se*. It is estimated by those who ought to know that about half of these petitioners allege they had ineffective assistance of trial counsel. An acute major problem is thus now presented to the court. I need not spell out the details.

The present petition is fairly typical. Surratt was indicted for housebreaking and larceny. The District Court appointed counsel for him. He was tried, convicted and sentenced. He filed an application for leave to appeal *in forma pauperis*. The District Judge certified that it was frivolous and not in good faith, and denied it. In his petition here Surratt, *pro se,* says there was no probable cause for his arrest, no cause for delay in arraignment, a conflict in the Government testimony, and that his trial counsel was incompetent and told petitioner he saw no way to defend him. The petition cites rules of court and court cases and discusses rules of law, such as the McNabb doctrine, etc.; in other words, the document is not the work of an illiterate person totally unversed in the law or cut off from people conversant with the law.

I note Surratt's allegations. He says there was no probable cause for his arrest. But he nowhere says there was any search or seizure of property or any other consequence which would make material the invalidity of the arrest. The mere fact that an arrest is without probable cause, or is otherwise illegal, is wholly immaterial to the validity of a conviction. He says there was a delay in his arraignment. But nowhere does he say a confession ensued or even that he confessed. The delay here was for a few hours. No case has held that mere delay in arraignment vitiates a conviction, except where the delay was so prolonged as to constitute denial of a speedy trial. He says there was a conflict in the testimony of Government witnesses, without indicating in what respects the evidence conflicted. Every trial judge and lawyer knows that when witnesses are truthful and uncoached discrepancies in details appear. I have yet to see that fact assigned as a reason for reversal of a conviction. Then Surratt says his counsel was incompetent; his supporting factual allegation is that his counsel demonstrated lack of interest by saying he saw no way to defend him properly. We do not know whether the lawyer meant he lacked time, money, or favorable facts. But, whatever he meant, the advice was part of his duty to his client. If he had been retained with a handsome fee his duty would have been no less. If a lawyer thinks for any reason no defense is available, he ought to tell his client so. He is not obliged, or indeed permitted, to lull his client with false assurances. So, as I see Surratt's allegations, he does not present any appealable point. The petition, as I see it, is plainly frivolous and could be denied forthwith. Nevertheless, in deference to the viewpoint

of my brethren, I would require trial counsel to file with us a memorandum.

My brethren are appointing a new lawyer for this man, to reinvestigate and to support his appeal. This is where we differ.

The most I would do at this stage is to require trial counsel to file a memorandum dealing with petitioner's claims. But I am told we cannot call upon trial counsel, because Surratt alleges his trial lawyer was incompetent. This seems to me to mean that a blanket allegation of incompetence without any factual support whatsoever is sufficient to cause us (1) to ignore the certificate of the judge who tried the case;[1] (2) to put on a public record a doubt of this court concerning the professional competence of a member of the bar (unidentified to me as of now) who acceded to the call of the court *pro bono publico;* and (3) to call upon another member of the bar to contribute—perhaps in substantial amount —of his time, skill and money, not in direct defense of an accused but in reexamination of the work of another lawyer.

The position of my brethren, as I understand it, is that decisions of the Supreme Court, such as Johnson v. United States,[2] Farley v. United States,[3] Ellis v. United States,[4] and Cash v. United States,[5] compel us to appoint a new lawyer for every discontented convict who says he is displeased with the lawyer he has. I do not agree that the Supreme Court has said any such thing. I think the Supreme Court was dealing with issues of substance. It meant that an indigent convicted person must not be left to his own uninformed devices in seeking review of a conviction; he must be afforded the assistance of counsel. Surratt had counsel. The Supreme Court did not mean that such a person can, by whim or ill humor or plain mockery, require, via this court's authority, repeated research and opinion by successive attorneys. And in the back of my mind lurk the questions whether, if an unsupported averment of incompetence on the part of the first attorney raises a constitutional question, such an averment as to the second and fifth and tenth would pose constitutional questions; and also whether such an averment in the Supreme Court would require that Court to make successive appointments. Moreover the Supreme Court did not mean to label as incompetent the whole federal trial bench. It did not mean that every trial judge's certificate is suspect or that it is automatically invalidated by the abracadabra "incompetent counsel". It meant only that a convicted person should have a fair opportunity to point out an error of the trial judge, if any error there be—and of course we all make errors.

It is said that if trial counsel is incompetent his evaluation of the points in his case is of no value. But it seems to me that proposition necessarily involves three assumptions: (1) that the District Court appoints incompetent trial lawyers; (2) that the District Court judges (who certify these appeals as frivolous) do not know incompetence when they see it; and (3) that we on the appellate bench cannot recognize incompetence if an incompetent files papers before us. My brethren do not consciously espouse those assumptions; indeed they would probably reject them as such. But

1. Our thinking on this phase of the subject must begin with the statute which provides: "An appeal *may not be taken* in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). (Emphasis mine.) A petition to us is in reality directed to the good faith or competence of the trial judge who executed such a certificate. My notion is that a presumption of validity attaches to that certificate and a factual allegation is essential to call it into question.

2. 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957).

3. 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957).

4. 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

5. 357 U.S. 219, 78 S.Ct. 1365, 2 L.Ed.2d 1361 (1958).

694

I think the conclusion they reach necessarily, even though tacitly, rests upon those underlying premises. I reject all three assumptions. I urge that a memorandum by trial counsel, addressed to Surratt's petition, would furnish realistic material from which to determine competence *vel non*. And it would show whether counsel made the alleged statement about the defense and, if so, what he meant.

I believer wholeheartedly what I wrote for the court in Mitchell v. United States.[6] If we are *going to administer criminal justice* properly to those whose cases call for our attention, if we are going to devote our attention to matters meriting attention and not submerge ourselves in a great bog of rhetorical trivia, mostly dreamed up by guardhouse lawyers, we must exercise some degree of rational selection.

Fortunately we do not have the problem presented in other circuits, where appointed counsel must travel long distances at their own expense to represent these people in the appellate courts. But we have a vast number of indigent criminal cases, and our bar is not unlimited. In theory it might be a beautiful humanitarian ideal to appoint a second lawyer to reexamine the work of appointed counsel every time a dissatisfied convict yells "incompetent", but actually such a practice would work injustice. The lawyers thus occupied with review functions had better be meeting some of the need for direct defenders. We can be reasonably sure that if it be established that a mere cry "incompetent counsel" evokes *action* by this court appointing new counsel, we will get such a cry in almost every criminal conviction.

I repeat that I would require trial counsel to file with us a memorandum, somewhat along the lines of the requirements of District Court Rule 92–A. The memorandum would describe counsel's efforts to discover possible points of appeal and would substantiate whatever

points of appeal there appear to be. I would pay no attenion whatever to Surratt's blanket allegation of incompetence on the part of counsel, unless and until (1) he (Surratt) points to something counsel did or did not do which smacks to us of incompetence, or (2) a memorandum of trial counsel develops factual support for the averment, or (3) some act or attitude of trial counsel observed by us so indicates. I would require trial counsel to measure up to his full responsibility as attorney for an accused, just as he would do if he were paid. I would require the petitioner to allege facts. I would do no more in a case like this.

6. 104 U.S.App.D.C. ——, 259 F.2d 787, (1958) certiorari denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).