**LeRoy F. BARBOUR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14692.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1959.

Decided Feb. 19, 1959.

Mr. Horace J. Donnelly, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Charles W. Halleck, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

The police had reliable information that illegal sales of narcotics had occurred at 62 P Street, a portion of which was occupied by appellant, and that appellant was involved. This information was confirmed by a telephone call from an informer to a person other than the appellant, overheard by the police on an extension, with the caller's consent.

First searching the informant and finding him without narcotics, the police observed him enter 62 P Street and shortly thereafter return with narcotics. A search warrant was then obtained and executed by the police, who found in the premises a supply of narcotics and a congregation of known drug addicts.

While the officers were still in the house, appellant entered, although he was warned by a shout from his mother that the police were there. When he saw them, Barbour dropped a bag of groceries he was carrying and removed a small bag from his pocket. After a struggle, he was arrested, searched and found to have illegal narcotics on his person.

Appellant was indicted, tried and convicted. On appeal he insists that listening to the telephone call was illegal wiretapping; that without the information so obtained, probable cause to justify the search warrant was lacking; that

he was arrested without a warrant and without probable cause, as a result of which the search of his person was improper and the narcotics found in his possession should have been suppressed for use as evidence.

The facts being as stated above, we find no illegal interception of the telephone message, and conclude the search warrant was properly issued. There was ample cause to arrest appellant, and consequently the search of his person and the use in evidence of narcotics found in his possession are not subject to criticism. Cf. Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Ellis v. United States, 1959, 104 U. S.App.D C. ——, 264 F.2d 372.

Affirmed.

BAZELON, Circuit Judge, concurs in the result.