Frank YOUNG, Appellant,
v.
UNITED STATES of America, Appellee.

No. 14288.

United States Court of Appeals District of Columbia Circuit.

Argued March 2, 1959.

Decided June 4, 1959.

Mr. George B. Parks (appointed by this Court), Washington, D. C., for appellant.

Mr. Jerome A. Cohen, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Messrs. Lewis Carroll, Harry T. Alexander and Nathan J. Paulson, Asst. U. S. Attys., also entered appearances for appellee.

Before EDGERTON, BAZELON and BURGER, Circuit Judges.

## PER CURIAM.

Appellant was convicted of a narcotics violation. We affirm because we find no error affecting substantial rights.

We do not think the appeal is "plainly frivolous." Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. Neither did the District Court or the United States Attorney. The District Court granted leave to appeal in forma pauperis and the United States Attorney did not oppose this action.

■■ Frivolousness is a ground for dismissing an appeal in forma pauperis under 28 U.S.C. § 1915 (1952), and also a prepaid appeal under Rule 39, Fed.R. Crim.P., 18 U.S.C.A. United States v. Johnson, 1946, 327 U.S. 106, 111, 113, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Peltz, 2 Cir., 1957, 246 F.2d 537; Sykes v. United States, 4 Cir., 1955, 224 F.2d 313. Prepaid appeals are rarely dismissed. The United States Attorney rarely moves to dismiss a docketed appeal. He did not move to dismiss this appeal.

Our views are more fully set forth in Jones v. United States, —— U.S.App.D.C. ——, 266 F.2d 924, Statement by Circuit Judge Bazelon of his position in voting to grant the petition for leave to appeal in forma pauperis. (Opinion, —— U.S.App. D.C. ——, 266 F.2d 924, pp. 925–931, filed April 30, 1959).

Affirmed.

BURGER, Circuit Judge (concurring only in the result).

I would dismiss the appeal on the ground that it is frivolous and was improvidently granted. The only way to demonstrate the frivolous nature of the appeal is to recite the facts and appellant's numerous contentions.

Appellant was indicted and tried on five counts of violating the narcotics laws on two separate, unrelated occasions, one in 1956 and one in 1957. 26 U.S.C. §§ 4704(a), 4705(a); 21 U.S.C. § 174. The first three counts concerned a transaction which allegedly took place in September 1956; the last two related to an alleged transaction in February 1957. The jury acquitted appellant on counts one, two and four, and convicted him on counts three and five. He was sentenced to serve ten years in prison on count three

and received a concurrent ten-year sentence on count five.

Counsel appointed by this court to conduct the appeal assigns as error the following points:

(1) that the charge to the jury on the "absent witness rule" was erroneous and prejudicial;

(2) that narcotics were illegally seized by police officers and erroneously admitted into evidence over appellant's objections;

(3) that the District Court erroneously denied appellant's pro se motion to dismiss his court-appointed trial counsel and to permit him to conduct his own defense. This last contention was raised here for the first time in the oral argument, but see our recent decision in Brown v. United States, 105 U.S.App. D.C. ——, 264 F.2d 363.

(1) *Absent witness charge*—A "special employee" of the government who was involved only in the 1956 count three transaction was not called as a witness, although he was present in the courtroom for several days of the five-day trial. In closing argument appellant's trial counsel emphasized the government's failure to call this witness, asking the jury to infer that his testimony, if it had been given, would have been unfavorable to the government. The Court initially, however, charged the jury that either side might have called the missing witness, implying that failure of the defense to do so neutralized the government's failure.

On objection to this instruction, the Court qualified it by giving the jury an additional instruction that the "special employee" was peculiarly a government witness. Defense counsel thereupon expressed satisfaction with the charge as amended and appellant himself made no objection. In total the instructions were strictly in accordance with Billeci v. United States, 1950, 87 U.S.App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881. In these circumstances appellant would now ask us to disregard Rule 30, Fed.R.Crim.P., and consider as "plain error" under Rule

52(b) this corrected charge, in which he acquiesced. The point is patently frivolous, and we should say so.

(2) *Illegally obtained evidence*—None of the evidence which appellant argues was illegally obtained in 1957 and erroneously used at his trial had any bearing whatsoever on count three, relating to the 1956 offense. Hence its admission, even if erroneous, is clearly immaterial. See Lawn v. United States, 1958, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321; Roviaro v. United States, 1957, 353 U.S. 53, 59 note 6, 77 S.Ct. 623, 1 L.Ed.2d 639; Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Lewis v. United States, 1958, 105 U.S. App.D.C. ——, 263 F.2d 265.

Additionally, it is clear that the evidence of which appellant complains was properly seized in connection with the 1957 offense charged in count five. It was taken directly from appellant's person during a search made incident to an admittedly lawful arrest based on ample probable cause. See Barbour v. United States, 105 U.S.App.D.C. ——, 264 F.2d 375; Smith v. United States, 103 U.S. App.D.C. 48, 254 F.2d 751, certiorari denied 1958, 357 U.S. 937, 78 S.Ct. 1388, 2 L.Ed.2d 1552; Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327; Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

(3) *Pro se defense*—Appellant's contention that he was denied permission to conduct his own defense is not borne out by the record, and the facts shown would not warrant reversal even under the minority views expressed in Brown v. United States, supra. Although his pro se motion to dismiss court-appointed counsel was denied, appellant was permitted by the trial court to conduct examination of witnesses at every stage of the trial. Court-appointed counsel ably and vigorously conducted the defense, and it cannot be said that the indi-

vidual attempts appellant made to question witnesses aided his defense in any way. Indeed the trial record indicates that appellant would have been utterly unable to have conducted his defense.

Appellant was confronted with a multiple count indictment and was tried together with two co-defendants whose interests were often hostile to his own. The trial involved issues of search and seizure, suppression of evidence, credibility of government witnesses, and legal points which few, if any laymen could comprehend. Appellant had no experience or qualifications which would enable him to cope with these intricate legal problems.[1] In these circumstances it might well be thought to be "plain error" for a trial judge to permit an accused to conduct his own defense unassisted by counsel. Cf. Cash v. Culver, 1959, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557. Because a defendant demands the right to try his own case is not a sufficient reason to permit him to do so unaided by court-appointed counsel. The same basic considerations of justice which forbid trial of a person who cannot assist his counsel and aid in his own defense also command that where a person is not qualified to try a complex case the court should select counsel to conduct a defense even while permitting the defendant personally to participate. The trial court's action in this respect was scrupulously correct.

With the mounting caseload of appeals in forma pauperis, it seems to me we have an obligation to scrutinize all appeals with care and designate as frivolous those which are plainly so. See Chief Judge Prettyman's dissent in Surratt v. United States, 1958, 104 U.S.App. D.C. 380, 262 F.2d 691. This is not to suggest that all insubstantial cases are frivolous. But the increasing amount of judicial time which must be devoted to criminal appeals which are indeed frivolous by any rational standard may well lead to a situation in which review of frivolous appeals will be at the expense of cases which merit the most careful and painstaking judicial review. Additionally there is a limited supply of lawyers available to conduct a rapidly increasing number of trials and appeals for indigent persons. Arguments pitting the "poor" against the "rich" are no answer to the hard facts which confront the courts and will continue to confront the courts until an adequate public defender system is developed.

In "stretching the cloth" to cover appeal for *every* conviction, as some would have us do, we may well be taking the risk that really meritorious cases are not adequately presented and considered or are unreasonably delayed. Congress, as a matter of deliberate public policy might appropriately decide that *all* criminal convictions should be reviewed, but in such case adequate appropriations for the expense of such review would be provided. Indeed strong arguments can be made for such a system. But in my view that decision is for the legislature, not the judiciary. Until such time as Congress provides mandatory review, we should and indeed are obliged to designate a frivolous appeal as frivolous. Unless we expressly separate the wheat from the chaff we may find we have a judicially declared system of mandatory appellate review of *all* criminal convictions without Congressional approval—or even awareness—and hence without appropriations to meet the expense. The consequences of this on overloaded court dockets and overworked court appointed lawyers serving without fees, are obvious.

In view of these observations it should also be said that counsel appointed by this court has carefully and ably presented every possible argument on behalf of appellant. He is before us by virtue of our order appointing him and it is not his responsibility that the record presents no issue calling for appellate review.

---

1. Cf. MacKenna v. Ellis, 5 Cir., 1959, 263 F.2d 35.