**William SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14867.**

United States Court of Appeals District of Columbia Circuit.

Argued April 24, 1959.

Decided June 4, 1959.

Petition for Rehearing En Banc Denied June 23, 1959.

---

692

Bazelon, Circuit Judge, dissented.

Mr. Robert B. Hirsch, Washington, D. C., (appointed by this Court) for appellant.

Mr. Paul J. Spielberg, Asst. U. S. Atty., of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from conviction for assault with a dangerous weapon, a razor, in the course of a fight with the complaining witness. The grounds for appeal are (1) that the jury was not specifically charged that intent to commit injury with the razor was an essential element of the crime[1] (no request for such specific charge was made); and (2) that the government's argument to the jury was prejudicially improper. We have examined the record and conclude the appeal should be dismissed as improvidently granted. Court appointed counsel ably presented appellant's contentions.

Appeal dismissed.

BAZELON, Circuit Judge (dissenting).

I would affirm the judgment of conviction.

I do not join in the dismissal of this appeal because I do not think the division of this court which granted leave to appeal in forma pauperis acted improvidently in determining that a question was presented which was not plainly frivolous within the meaning of Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. Cf. Young v. United States, —— U.S.App.D.C. ——, 267 F.2d 692, and my statement in Jones v. United States, —— U.S.App.D.C. ——, 266 F.2d 924.

---

1. The charge:
"Now, an assault is an offer or attempt by one person to do bodily harm to another, with the ability to carry that offer or attempt into effect.
"Now, that assault becomes an assault with a dangerous weapon if the person making such an assault employs an instrumentality that is capable of causing grave bodily harm to the other if used in making an assault. Now, they are the elements of the offense here involved."
Trial counsel for appellant expressed satisfaction with the charge.