**Thomas W. MOON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22134.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 18, 1968.

Decided June 26, 1969.

Mrs. Barbara Allen Bowman, Washington, D.C., (appointed by the District Court) for appellant.

Mr. Clarence A. Jacobson, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was convicted of robbery in 1954 and has been trying to obtain review of his conviction ever since. The present motion under 28 U.S.C. § 2255 is the latest of a long line of collateral attacks which are detailed below.[1] In the

---

1. Since the denial of his initial petition for leave to appeal, appellant has filed six motions or petitions in an effort to obtain review of errors in his trial. Appellant never raised the issue of whether he was unlawfully denied a direct appeal on account of his poverty, and was never accorded review of trial errors upon these motions.

(a) Motion in District Court for a trial transcript and the government exhibits. Denied March 11, 1957.

(b) Misc. 804. Petition for leave to appeal in forma pauperis from a District Court order denying a *pro se* motion styled "Petition for Writ of Ducis Tecum." The substance of the petition was a collateral attack on the underlying conviction alleging ineffective assistance of counsel and perjured testimony. The petition was denied on July 5, 1957.

(c) No. 15148. Appeal allowed by the District Court from its order denying a motion pursuant to 28 U.S.C.

§ 2255. This court agreed with the District Court that relief under § 2255 was not then available because petitioner was not then in custody under the sentence which he attacked. However, the court treated the petition as one invoking the writ of *coram nobis*, but held that none of the alleged errors constituted a basis for relief in the nature of *coram nobis*. Moon v. United States, 106 U.S.App.D.C. 301, 272 F.2d 530 (1959).

(d) Misc. 1657. Petition for leave to appeal in forma pauperis from an order of the District Court denying a motion pursuant to 28 U.S.C. § 2255 on the ground that the issues specified were cognizable only on direct appeal. This court denied the petition on August 9, 1961.

(e) Misc. 1795. Petition for leave to appeal in forma pauperis from an order of the District Court denying a motion pursuant to 28 U.S.C. § 2255, alleging the same set of errors, and emphasizing

present motion, he seeks to vacate his sentence on the ground that he was denied a direct appeal without due process of law solely on account of his poverty. He makes two arguments in support of this claim.

First, he alleges that he was denied leave to appeal in forma pauperis, 28 U.S.C. § 1915, under procedures subsequently condemned by the Supreme Court in Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In *Coppedge*, the Court held that an indigent should be allowed an appeal if his application raises issues "not clearly frivolous" and should be provided with counsel and an adequate record to make a showing of good faith if the weight of his claims cannot be ascertained from the face of the application. In addition, the burden of showing that the applicant's claims are frivolous was placed upon the government. Appellant's petition to appeal was not processed under *Coppedge* standards. He claims that the *Coppedge* decision is constitutionally based and should be applied retrospectively to grant him a direct appeal.

Second, appellant contends that the District Court measured the merit of his application for an appeal in forma pauperis by a standard erroneous at the time. We agree. The District Court stated that there was "no substantial question of law" to justify an appeal. (Order of Dec. 8, 1954, Misc. 513.) As the government concedes, the substantiality standard was erroneous when applied; the correct test was non-frivolousness. See Gerringer v. United States, 93 U.S.App.D.C. 403, 409, 213 F.2d 346, 352 (1954); Surratt v. United States, 104 U.S.App.D.C. 380, 262 F.2d 691 (1958), cert. denied, 371 U.S. 880, 83 S.Ct. 152, 9 L.Ed.2d 116 (1962). Appellant claims that, if the District Court had considered his application for an appeal in forma pauperis under the standard of non-frivolity, it would have allowed an appeal because the record shows plainly non-frivolous questions of whether admissions obtained in violation of his right to prompt presentment were erroneously used against him at trial, and whether the conviction was supported by sufficient evidence.

The government counters that (1) the District Court's error was corrected by this court's review of the denial of leave to appeal under the correct standard of non-frivolity (Misc. 513), and (2) upon a petition to appeal the denial of one of appellant's § 2255 motions, this court reconsidered granting him a direct appeal and again found that he raised no non-frivolous issues. (Misc. 2042, petition denied Oct. 24, 1963.) The District Court denied the instant § 2255 motion in the belief that this court had previously decided not to allow a direct appeal in Misc. 2042.

We find that the District Court's error could not in the circumstances be cured by this court's review of the denial of his application for an appeal, and that this court did not reconsider granting appellant a direct appeal in Misc. 2042. We conclude that appellant was denied an appeal to which he was entitled without due process of law, and accordingly reverse the judgment of the District Court denying the instant § 2255 motion.

1. *Appellant's application to appeal in forma pauperis was erroneously denied (Misc. 513).*

Upon his conviction for robbery, appellant was sentenced to imprisonment for a term of four to twelve years to be

the charge of ineffective assistance of counsel. This court denied the petition on February 27, 1962.

(f) Misc. 2042. Petition for leave to appeal in forma pauperis from an order of the District Court denying a motion pursuant to 28 U.S.C. § 2255. This court granted the appeal to the extent of ordering preparation of part of the transcript at government expense and appointed counsel to submit a memorandum. This proceeding is detailed in Part 2 of this opinion. The petition to appeal was ultimately denied on October 24, 1963.

served consecutively with a prior sentence of three to nine years, imposed in an earlier case. A timely application seeking leave to appeal in forma pauperis and for the appointment of counsel was made *pro se* and denied by the District Court on the ground that appellant's case presented no "substantial" questions of law. Appellant then wrote *pro se* to this court to request an appeal. A volunteer attorney, who was not appellant's trial counsel, entered an appearance on his behalf and was directed to file a memorandum clarifying the issues for possible appeal. She submitted only a copy of a letter which she had written to the District Court, stating her reasons for believing that the evidence was insufficient to convict appellant of robbery, and an answer to the government's opposition stating appellant's claims in abbreviated form. No transcript was available, and the evidentiary issue was specified on the basis of interviews with some of the witnesses and attorneys involved in appellant's trial. It does not appear from the record that appellant's own trial counsel was one of the persons interviewed. This court denied the petition to appeal in forma pauperis on April 11, 1955 (Misc. 513). No appeal was taken from that action.

With the aid of the transcript of the government's evidence subsequently ordered by this court in Misc. 2042, discussed *infra*, appellant is now able to show that his case presented a plainly non-frivolous question of whether statements obtained from him in violation of Rule 40, Fed.R.Crim.P., were admitted against him at his trial. Rule 40, the foreign-arrest counterpart of Rule 5, Fed.R.Crim.P., provides that a person arrested on a warrant issued in another jurisdiction shall be taken before a magistrate, informed of the charges against him and advised of his rights without unnecessary delay. At the time of appellant's trial, the law was clear that

statements obtained from an unwarned accused during a period of unnecessary delay were inadmissible in evidence. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948).

Appellant was arrested by police officers from the District of Columbia in New Jersey, where he was being detained on a state charge. He was released by a New Jersey court into the custody of the District police officers who brought him back to Washington. There is no indication in the record that appellant was warned of his rights by the New Jersey judge. In response to continual questioning by the police during an apparently convivial four-hour train ride, appellant made statements damaging to his case.

Appellant further claims that upon arrival in Washington in the afternoon, he was still not taken before a magistrate, but instead was taken to the scene of the robbery, a realty office, where he repeated his admissions to the robbery victim and to the wife of the realty office owner. Both of these persons testified at the trial with regard to his statements. Appellant was taken before a magistrate the following morning.

Taking appellant's allegations to be true, he presented a plainly non-frivolous issue of compliance with Rule 40. Cf. Jones v. United States, 119 U.S. App.D.C. 284, 342 F.2d 863 (1964). If appellant's statements were in fact obtained in violation of Rule 40, their inadmissibility might well have been fatal to the government's already weak case against him.[2]

 Applying the erroneous "substantiality" test, the District Court apparently overlooked the Rule 40 issue and denied appellant's application for an appeal. The government asserts that the error was repaired because (1) it argued to this court on the petition to

---

2. The trial court itself had recognized a close question as to the sufficiency of the evidence at the time of appellant's motion for acquittal (Trial Tr. 729–730).

appeal the denial of the application that appellant's points were frivolous, the correct standard, and (2) we may infer that this court applied the correct standard in denying leave to appeal the District Court's ruling. But in the circumstances of this case, the application of the proper standard by this court could not possibly have cured the District Court's error. Only the trial court was in a position to notice the Rule 40 issue, and it had some duty to do so. See Miller v. United States, 317 U.S. 192, 200, 63 S.Ct. 187, 87 L.Ed. 179 (1942). The government did not raise the issue in its opposition to the petition for an appeal in this court. Appellant's volunteer counsel, who was not his counsel at trial, cannot be deemed ineffective for failure to raise the Rule 40 point, without the transcript now accorded virtually as of right, Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964), or the more thorough investigation of the case now required of appointed counsel. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). The District Court's mistaken application of a substantiality standard to the issues in appellant's case effectively precluded him from pressing in this court a plainly non-frivolous issue in support of his petition for leave to appeal.

2. *The question of whether appellant was erroneously denied a direct appeal has not been previously raised on collateral attack.*

■ Appellant succeeded in persuading the District Court upon this motion that he was in fact denied a direct appeal that would have been accorded a defendant with funds, but the District Court denied his motion to vacate sentence on the ground that the question of whether he was improperly denied a direct appeal had been raised and resolved against him by this court in Misc. 2042, a petition to appeal a § 2255 motion, denied on October 24, 1963. In that proceeding, this court ordered a transcript of the government's evidence at trial and appointed counsel to file a memorandum on whether appeal was timely sought from the denial of the § 2255 motion below and whether a non-frivolous question was presented. The District Court concluded that this court's subsequent order denying his petition in Misc. 2042 rested on either of two holdings: (1) that the *Coppedge* decision, widening the access of indigents to an appeal, would not be given retrospective effect to grant appellant a direct appeal, or (2) that appellant raised no non-frivolous issues even if his § 2255 motion were treated as a timely petition for a direct appeal.

We appreciate the District Court's reluctance to reopen this case if either of those issues had been decided by this court, but, in our view, the papers in Misc. 2042 show that denial of the petition did not rest upon either ground. Instead, this court addressed itself only to determining whether appellant presented any claims affording a basis for relief on collateral attack. The memorandum of appellant's appointed counsel set forth in detail his claims concerning the admissions and the sufficiency of the evidence, suggesting that these issues were of constitutional dimensions and therefore cognizable on collateral attack. The government's cryptic reply argued solely, and correctly, that the issues raised by appellant were not cognizable on collateral attack. Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, cert. denied 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958); Upshaw v. United States, 102 U.S.App.D.C. 299, 252 F.2d 863, cert. denied, 357 U.S. 939, 78 S.Ct. 1392, 2 L. Ed.2d 1555 (1958). The government did not argue that the trial errors specified by appellant, though reviewable only on direct appeal, were frivolous.

This court then requested appellant's counsel to file a supplemental memorandum on the question of alleged perjury by police officers at the trial, an issue cognizable under § 2255. When appel-

lant's supplemental memorandum provided no basis for further investigation of the perjury claim, this court was satisfied that there were no non-frivolous § 2255 claims and denied leave to appeal the denial of the § 2255 motion.

■ The record in Misc. 2042 gives no indication that this court considered and rejected the retroactive application of *Coppedge* standards to appellant's initial petition to appeal in forma pauperis in Misc. 513, and we decline to consider that question now. And we certainly cannot infer that this court reconsidered the propriety of a direct appeal under the standard of non-frivolity and found the Rule 40 issue to be frivolous. The issue of whether appellant was denied an appeal on account of his poverty was not raised or decided in Misc. 2042, and we are therefore free to reach it in this proceeding.

■ We think that appellant was denied an appeal to which he was entitled without due process of law, and that this claim is cognizable on a § 2255 motion. We need not hold that all improvements in the procedures governing in forma pauperis appeals adopted since appellant's conviction in 1954 establish constitutional rights and should be imposed retrospectively. But at the very least, appellant was entitled to have his application for an appeal processed in accordance with the minimum standards prevailing at the time. The application of the erroneous "substantiality" standard to his claims denied him even this. It is not too late to set the record straight. Cf. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (March 24, 1969). Appellant was denied an appeal by a judicial error which was not in the circumstances correctable by this court, just as clearly as if he had lost his right to appeal due to the ineffective assistance of counsel. Cf. Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965). His remedy should be the same. Accordingly we reverse the judgment of the District Court denying appellant's motion and remand

the case with instructions to vacate his sentence so that a timely appeal may be taken.

So ordered.