ELLIS *v.* UNITED STATES.

No. 293, Misc.   Decided May 26, 1958.

*Kingdon Gould, Jr.* for petitioner.

*Solicitor General Rankin, Acting Assistant Attorney General McLean* and *Beatrice Rosenberg* for the United States.

PER CURIAM.

The petition for writ of certiorari is granted, as is leave to proceed *in forma pauperis.*

The Court of Appeals denied petitioner leave to appeal *in forma pauperis* a conviction for housebreaking and larceny.   101 U. S. App. D. C. 386, 249 F. 2d 478.   The Solicitor General concedes that leave to appeal should have been allowed unless petitioner's contentions on the merits were frivolous.   The only statutory requirement for the allowance of an indigent's appeal is the applicant's "good faith."   28 U. S. C. § 1915.   In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.   *Farley* v. *United States,* 354 U. S. 521.   The good-faith test must not be converted

into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed. Rules Crim. Proc. 39 (a), the request of an indigent for leave to appeal *in forma pauperis* must be allowed.

Normally, allowance of an appeal should not be denied until an indigent has had adequate representation by counsel. *Johnson* v. *United States,* 352 U. S. 565. In this case, it appears that the two attorneys appointed by the Court of Appeals, performed essentially the role of *amici curiae.* But representation in the role of an advocate is required. If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied. In this case, the Solicitor General concedes, and after examining the record we agree, that the issue presented—probable cause to arrest—is not one that "can necessarily be characterized as frivolous." Accordingly, the judgment of the Court of Appeals is vacated, and the case is remanded for reconsideration in light of this opinion.