**Cicero MARTIN, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1072.**

United States Court of Appeals District of Columbia Circuit.

March 12, 1959.

Order April 20, 1959.

Mr. Edward J. Skeens, Washington, D. C., for appellant.

1. D.C.Code § 22–2403 (1951).

Mr. James T. Wright (appointed by this court to file a memorandum in support of the petition), Washington, D. C., was on the pleadings for petitioner.

Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Walter J. Bonner, Asst. U. S. Attys., were on the pleadings for respondent.

Before BAZELON, DANAHER and BURGER, Circuit Judges, in Chambers.

PER CURIAM.

Upon consideration of the petition for leave to prosecute an appeal in forma pauperis, of the memoranda in support and of the memoranda in opposition, it is

Ordered by the court that the petition for leave to prosecute an appeal in forma pauperis is denied.

BAZELON, Circuit Judge, dissents.

BAZELON, Circuit Judge (dissenting).

Petitioner seeks leave to appeal in forma pauperis from his conviction under the narcotics laws. The question we face is whether a non-frivolous question is presented. Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed. 2d 1060.

At the pre-trial hearing on petitioner's unsuccessful motion to suppress certain narcotics seized from him, agent Jackson of the Bureau of Narcotics testified but the informer he relied upon, one Hemphill, did not. The agent stated that he told the informer to go over to a group which had congregated on a street and which included petitioner and his co-defendant; *that he pointed petitioner out to the informer* and instructed the informer to let the agent know if petitioner bought any drugs; the informer went over to the group and, after thirty minutes elapsed, came back to the agent, who was not in a position personally to observe what was going on, and told the agent that petitioner had bought some capsules and was getting ready to leave with another man the informer did not know. Petitioner and co-defendant were thereupon arrested. In a search incidental to that arrest, the agent seized from the petitioner the narcotics which were sought to be suppressed in evidence. The agent further testified that on several prior occasions he had received information from the informer which proved to be reliable.

At the trial the agent did not testify but the informer did. The informer stated that *he did not know who the petitioner was, had never seen him before the incident in question, that nobody pointed petitioner out to him* and that, although he saw the petitioner make a purchase of narcotics, he could not recall having seen any money passed.

In my view, far from presenting a frivolous question on appeal, this case presents a most substantial question whether the agent, in fact, had sufficient probable cause to arrest and search the petitioner. I think we are therefore bound to grant petitioner leave to appeal in forma pauperis. Ellis v. United States, supra.

Order.

PER CURIAM.

It is ordered by the court, sua sponte, that the order entered herein March 12, 1959 denying the petition for leave to prosecute an appeal in forma pauperis is vacated.

It is Further Ordered by the court that petitioner is allowed to proceed on appeal from the judgment of the District Court without prepayment of costs.

It is Further Ordered by the court that the record on appeal shall be prompt-

ly prepared by the Clerk of the District Court and transmitted to this court and that the joint appendix in this case shall be prepared at the expense of the United States.