**George Carl WOFFORD, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Misc. No. 1362.**

United States Court of Appeals
District of Columbia Circuit.

March 22, 1960.

Petition for Rehearing En Banc Denied
April 20, 1960.

Mr. Dyer Justice Taylor (appointed by this court), Washington, D. C., for petitioner.

Messrs. Oliver Gasch, U. S. Atty. and Carl W. Belcher and Donald S. Smith, Asst. U. S. Attys., for respondent.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges, in Chambers.

PER CURIAM.

Upon consideration of the petition for leave to prosecute an appeal in forma pauperis and of the memorandum in support and in opposition, it is

Ordered by the court that the petition for leave to prosecute an appeal in forma pauperis is denied.

BAZELON, Circuit Judge (dissenting).

We appointed counsel to assist the indigent petitioner in prosecuting this pro se petition for leave to appeal in forma pauperis from a conviction for robbery. Counsel filed a memorandum which represents, inter alia, as follows: Petitioner was arrested on December 10, 1959. The next day he was taken before a judge of the Municipal Court, sitting as a committing magistrate, for a preliminary hearing at which time the judge appointed an attorney to represent petitioner. The hearing was continued and petitioner was committed to jail. On De-cember 13 and 17, 1959, two detectives of the robbery squad visited him in jail without advising the Municipal Court appointed counsel. The jail authorities required petitioner to sign a form consenting to see the detectives without telling petitioner the visitors were police officers, or without advising his counsel. Neither the detectives nor the jail authorities ever advised him that he could consult with counsel before making a statement; that he did not have to talk to the detectives; or that anything he said could be used against him. In the course of these visits of interrogation petitioner made an oral confession to which the detectives testified at the trial without objection.

On the basis of the foregoing, counsel appointed by this court urges that the confession was obtained in violation of Rule 44 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. which guarantees the right to be represented "at every stage of the proceeding." Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 84 A.L.R. 527. It is asserted that counsel appointed by the Municipal Court could not be effective unless he was aware of or present at all occasions at which police questioned the petitioner. Counsel appointed by this court requests that leave to appeal in forma pauperis be granted and that this court remand the case to the District Court for hearings to determine the facts alleged in support of this petition.

In my view neither the question whether the admission of testimony concerning the confession is plain error (Rule 52(b) of the Criminal Rules of Procedure), nor the question whether the interests of justice require that the record be supplemented for the purpose of presenting that issue, are plainly frivolous. Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. I would therefore grant leave to appeal.