George James **BARNARD** et al.,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 17746.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1962.

Peter A. Schwabe, Portland, Or., for appellant Barnard.

Stephan Z. Katzan, Portland, Or., for appellant Lassiter.

Sidney I. Lezak, U. S. Atty., Portland, Or., and A. Lawrence Burbank, Sp. Asst. to U. S. Atty. for District of Oregon, San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

The United States District Court for the District of Oregon denied motions for admission to bail pending appeal on behalf of defendants William Mack Lassiter and George James Barnard, two of ten defendants convicted of participating in a conspiracy and scheme to defraud in violation of 18 U.S.C. §§ 371 and 1341. The court based its denial of bail upon the ground that the appeals were "frivolous or taken for delay" within the meaning of Rule 46(a) (2) of the Federal Rules of Criminal Procedure. The court expressly declined to certify that there was substantial risk that either defendant would flee if released on bond.

Among the grounds of appeal asserted by both defendants are certain alleged errors which are also presented in the earlier appeal of a co-defendant, Philip Weinstein, now pending in this court. Another panel of this court has recently granted defendant Weinstein's motion for release on bail, and has thus necessarily determined that the common grounds of appeal are sufficient to meet the requirements of Rule 46(a) (2). Accordingly, the motions of defendants Lassiter and Barnard for bail pending appeal must also be granted.

692

■ An examination of a partial transcript of the proceedings before the District Court on the motions for bail pending appeal suggests that the court may have tested the sufficiency of the grounds for bail pending appeal by standards applied prior to the 1956 amendment of Rule 46(a) (2). The Rule then authorized release on bail pending appeal only if a substantial question was presented for review; it now provides that bail may be allowed unless it appears that the appeal is frivolous or taken for delay. The purpose of the amendment was to liberalize the granting of bail pending appeal by establishing "a much lighter standard than the old one of 'substantial question.'" Fiano v. United States, 259 F.2d 135, 136 (9th Cir. 1958), cert. denied 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545. See also Ward v. United States, 76 S.Ct. 1063, 1064–1065, 1 L.Ed.2d 25 (1956); United States v. Allied Stevedoring Corp., 76 S.Ct. 1068, 1069, 1 L.Ed.2d 23 (1956). An appeal is not "frivolous" within the meaning of Rule 46(a) (2) if it is "taken in good faith" within the meaning of 28 U.S.C. § 1915, authorizing proceedings in forma pauperis. Wagner v. United States, 250 F.2d 804, 805 (9th Cir. 1957), cert. denied 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548. The Supreme Court has held that the "good-faith" test of Section 1915 "must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim. Proc. 39(a), the request of an indigent for leave to appeal in forma pauperis must be allowed." Ellis v. United States, 356 U.S. 674–675, 78 S.Ct. 974–975, 2 L.Ed.2d 1060 (1958). It follows under our decision in Wagner that the same standard is to be applied in determining whether an appeal is frivolous for the purposes of an application for bail pending appeal under Rule 46(a) (2).

Each of the appellants may be admitted to bail pending disposition of their appeals upon filing an appearance bond in the registry of the United States District Court for the District of Oregon in the amount of Ten Thousand Dollars ($10,000.00) by the appellant Barnard, and in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) by the appellant Lassiter, approved as to form and execution by any of the Judges of that court.