**Norma WISNICK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17138.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 4, 1962.

Decided Dec. 20, 1962.

As Amended Jan. 15, 1963.

Mr. William E. Rollow, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert A. Levetown, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER and BURGER, Circuit Judges, and BELL, Circuit Judge for the Fourth Circuit.*

PER CURIAM.

This is an appeal at government expense from a conviction of the crime of accepting money from the earnings of a female engaged in prostitution, without consideration other than the furnishing of a place of prostitution. § 22–2712 D.C.Code Ann. (1961).

Court appointed counsel has ably and carefully presented the available points and contentions in appellant's behalf.

* Sitting by designation pursuant to Sec. 291(a), Title 28. U.S.Code.

Upon consideration of briefs, arguments and the record, we are constrained to hold the appeal presents no legally non-frivolous [1] questions and we therefore affirm the conviction.

Affirmed.

See also 27 F.R.D. 417.

---

1. Prior to Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958), there was no occasion for the court to undertake evaluation of the legal frivolousness of a paid appeal at any stage since such cases came to the court's notice only upon being fully briefed and argued in due course. The Ellis opinion indicated that the standard for evaluation of a petition for leave to appeal at government expense was whether such appeal would, if paid, be dismissed as frivolous, thus posing comparative standards of frivolousness drawn at two different appellate stages. Compare Cash v. United States, 104 U.S.App.D.C. 265, 261 F.2d 731, judgment vacated and remanded for consideration in light of Ellis v. United States, supra, and Hill v. United States, 356 U.S. 704, 78 S.Ct. 1139, 2 L.

Ed.2d 1145 (1958), 357 U.S. 219 (1958). Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), confirmed the use of this standard indicating the evaluation of paid and in forma pauperis appeals must be made on the same standards. Prior to the Ellis and Coppedge holdings, we customarily disposed of an appeal presenting no meritorious claims by a brief per curiam action or an order affirming without discussion. It has been pointed out that so long as the appellate evaluation is made on a record, briefs and arguments, an affirmance or dismissal as frivolous is essentially the same since the accused has then had his appellate day in court. Keiningham v. United States, 113 U.S. App.D.C. 295, 307 F.2d 632 (1962).