**UNITED STATES of America**

v.

**Gene Z. HANRAHAN, et al., Defendants.**

**Cr. No. 269-62.**

United States District Court
District of Columbia.

June 28, 1963.

Gene Z. Hanrahan, pro. per.

Donald Smith, Asst. U. S. Atty., and Barbara Lindemann, Asst. U. S. Atty., for the United States.

SIRICA, District Judge.

On April 19, 1963, the defendants, Gene Z. Hanrahan, William T. P. Shea, and John W. Tynan, were convicted on 17 counts of an indictment charging use of the mails to defraud. On June 6, 1963, the defendants filed affidavits in support of an application to proceed without prepayment of costs on appeal and subsequent thereto a memorandum to expand on the affidavit was filed. The Government, on June 20, 1963, filed its answer to said application and on June 27, defendants, Hanrahan and Shea, filed a rejoinder to the answer to application to proceed on appeal without prepayment of costs. Since that time the Court has had an opportunity to read and consider the memoranda presented by both sides together with the authorities cited.

The Government, without conceding the merits, concedes that the question of a speedy trial is a non-frivolous issue and does not oppose the granting of an appeal limited to that issue. All other questions raised by the convicted defendants are rejected by the Government as being frivolous.

Among the errors alleged by defendants as being substantial are that the Government failed to make certain evidence available to them and that the

Court erred in not allowing the defendants to inspect their own testimony before the Grand Jury.

In an attempt at reaching a decision, this Court has carefully considered the recent Supreme Court decision in Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In that case the Court analyzed the criteria to be used in determining whether a convicted defendant could meet the test of 28 U.S.C. § 1915, which reads as follows:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The Court expressed the view that the growth of the federal law has, in effect, made an appeal from conviction a matter of right and that there should be equality of consideration for indigents and non-indigents. In determining what "good faith" means in § 1915 the Court quoted from its earlier decision in Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958) and restated this test:

"Unless the issues raised [by the indigent seeking leave to appeal in forma pauperis] are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim.Proc. 39(a), the request of an indigent for leave to appeal in forma pauperis must be allowed."

In addition to the Coppedge decision, another recent decision of the Supreme Court relating to one of the points raised by defendants leads this Court to conclude that defendants' application to appeal in forma pauperis should be granted. That decision is Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Although the facts of that case differ greatly from this case and the three dissenting members of the Court disagreed as to the need for consideration of the broad due process conclusion reached, the majority opinion did state this broad principle:

"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

However, this Court is not indicating or intimating that this was done by the Government in this case.

In conclusion, although this Court is of the opinion that its rulings during the course of the trial complied with the Brady decision and all other decisions applicable to the evidence in this case, it would be presumptuous to conclude that, in a trial which lasted almost three months or about 54 trial days, there could be no difference of opinion and all alleged errors are frivolous. Therefore, this Court will grant the application of the defendants to appeal in forma pauperis limited, however, in the following respects: The Court Reporter informs me that the transcript of this trial may be about 7500 to 8500 pages. In the interest of saving some expense and unnecessary effort, it is the opinion of this Court that no good purpose would be served by transcribing the opening statements and closing arguments of counsel nor is there any need for retranscribing those portions of the record which have already been furnished to defendants during the course of the trial.

Subject to the above, the application of defendants is granted.