**John H. LANDRY, Petitioner,**

v.

**COMMONWEALTH OF MASSACHU-SETTS, Respondent.**

**Civ. No. 64-32-C.**

United States District Court
D. Massachusetts.

July 1, 1964.

John H. Landry, pro se.

Edward W. Brooke, Atty. Gen., James W. Bailey, Asst. Gen., for defendant.

CAFFREY, District Judge.

John H. Landry, presently incarcerated in the Massachusetts Correctional Institution, Norfolk, Massachusetts, as a result of three concurrent 20 to 25 year sentences imposed on him on April 11, 1959 in Middlesex County Superior Court for armed robbery, has filed a petition for writ of habeas corpus. Petitioner says that pleas of guilty, on the basis of which he was convicted and incarcerated, were not voluntary but were induced by his fear that if he proceeded to trial he would have had to remain in a wire mesh cage located in the Middlesex County Courtroom where he would have been exposed to shame and ridicule, and where he would have been unable to see or hear much of what went on at the witness box and at the bench. He further alleges that he was prejudiced by a "grossly mistaken finding of fact by a Supreme Court Justice." And he further claims that he was prejudiced by refusal of the Massachusetts Supreme Judicial Court to appoint counsel for him when he attempted to appeal the findings of fact by the single Justice of the Supreme Judicial Court who had held a hearing on petitioner's motion to vacate the guilty pleas.

The Attorney General of the Commonwealth of Massachusetts filed a memorandum of law urging that the petition for writ of habeas corpus be denied. This Court today held an evidentiary type hearing, at which the petitioner and the Commonwealth were represented by counsel, because the supporting papers filed by petitioner failed to disclose whether or not the single Justice had previously conducted an evidentiary type hearing prior to resolving the factual dispute between the petitioner and the Commonwealth, and because the papers filed did not include a transcript of whatever evidence was offered at that hearing or any adequate substitute therefor, one or the other of which the Supreme Court has

told us, in Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770, "is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings."

I find on the basis of testimony offered this date that the single Justice employed a fact-finding procedure which was adequate to afford a full and fair hearing to petitioner; that petitioner had the opportunity to and did adequately develop the material facts of this controversy at the state court hearing; that the merits of petitioner's factual dispute were resolved at that hearing; that the single Justice's factual determination is fairly supported by the record as a whole; there is no substantial allegation herein of any newly discovered evidence; and, finally, it does not appear for any reason that petitioner did not have a full and fair fact hearing before the single Justice.

At the conclusion of the hearing this morning petitioner advised the Court that that the evidence presented herein, consisting of testimony by his attorney at the time he changed his plea from not guilty to guilty, Mr. O'Donovan, and by himself, was substantially the same as that presented at the hearing before the single Justice of the Supreme Judicial Court, where they were the only two witnesses who testified. Four photographs of the cages in the Middlesex County Superior Courtrooms were received in evidence here that were not offered to the single Justice. Briefly summarized, that evidence was that petitioner originally pleaded not guilty to three separate charges of armed robbery and to two lesser charges; that his attorney, Mr. O'Donovan, had repeated discussions with him as to whether it was in his best interests to plead guilty or to stand trial; that at no time during these repeated discussions did the petitioner ever mention to Mr. O'Donovan the cage in the courtroom or express any opinion or fears relative thereto; that petitioner made his own decision to plead guilty at a time subsequent to a co-defendant's having done so; and that Mr. O'Donovan satisfied himself at the time that the change of plea was completely voluntary on the part of petitioner. The repeated discussions had to do with the nature of the evidence available to the Commonwealth to prove its case against petitioner, and the risk that petitioner would run if he took the stand during trial and had his prior criminal record called to the attention of the jury. Mr. O'Donovan, whom I find to be a reliable witness, was emphatic on the point that the petitioner never indicated any state of mind relative to the physical lay-out of the courtrooms or the fact that a cage was contained therein, and never referred to the presence of a cage in any way.

In the course of his testimony petitioner admitted that he did not raise the issue of the courtroom cage until after the Appellate Division had upheld the sentences imposed by the trial judge.

In the light of the foregoing I am satisfied that the single Justice conducted a hearing which complied in every respect with the requirements enunciated by the Supreme Court in Townsend v. Sain, supra; that he made findings of fact which were clearly consistent with the evidence offered at the hearing; that petitioner's claim in the instant case is without legal or factual merit; and that the Supreme Judicial Court properly allowed Mr. Coggins, the attorney who represented petitioner at the hearing before the single Justice, to withdraw after the single Justice had filed his findings of fact on the stated grounds that further proceedings would be of no avail to the petitioner. See recent opinion of the Court of Appeals for the First Circuit, Joyce v. United States, 327 F.2d 531 (1964), where the Court stated, "[W]e see no reason to appoint counsel for (defendant), for to do so would only impose a needless burden upon counsel without the possibility of conferring any benefit upon (defendant)." See, also, Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); Suarez v. United States, 328 F.2d 473 (1 Cir. 1964).

On the entire record before me I find that the litigation in the state court

denied no federally protected right of the petitioner, and were I required by Townsend v. Sain, supra, to make an independent finding of fact which for the above-stated reasons I believe I am not, I would find as did the single Justice that the petitioner's change of plea was not motivated by fear of standing trial in the cage in the courtroom and was voluntary on his part.

Petition for writ of habeas corpus dismissed.