**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

––––––––––––––––––––––––––––

ROY DALE WALKER,

      Petitioner-Appellant,

v.

RON CHAMPION,

      Respondent-Appellee.

No. 97-6402
(W.D. Okla.)
(D.Ct. No. 97-CV-639)

––––––––––––––––––––––––––––

**ORDER AND JUDGMENT**[*]

––––––––––––––––––––––

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

––––––––––––––––––––––

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Roy Dale Walker brings this *pro se* application for a certificate of

––––––––––––––––––––––

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealability pursuant to 28 U.S.C. § 2253, alleging his prior convictions were improperly used to enhance the sentences at issue in this case.[1] Specifically, Mr. Walker claims that because he was not advised of his right to appeal his prior convictions, they are invalid and inappropriate for use in sentencing. Mr. Walker also alleges the state trial court erred in accepting his guilty plea of "assault with intent to commit rape" without establishing any factual basis for the plea, and in considering pardon and parole policies in setting his sentences.

Mr. Walker plead guilty and was convicted of six counts of criminal conduct, including assault with intent to commit rape, in four separate state court cases.[2] These convictions followed former convictions of two or more felonies. In the first three cases, the state court sentenced Mr. Walker to consecutive twenty-, twenty-, and thirty-year terms of imprisonment. For each of the three counts in the fourth case, he was sentenced to fifty years, with the three fifty-year terms to run concurrent with one another, but consecutive to the sentences

---

[1] Apparently, the State argued Mr. Walker's first claim was not properly exhausted, but nevertheless elected to have this claim decided on its merits. *See* § 104 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2] The first three cases included conviction for first and second degree burglaries and concealing stolen property. The fourth case included conviction for robbery with a dangerous weapon, first degree burglary, and assault with intent to commit rape.

imposed in the first three cases.

On April 23, 1997, Mr. Walker filed a petition for a writ of habeas corpus. On recommendation of a federal magistrate judge, the district court dismissed Mr. Walker's habeas petition. Mr. Walker then filed a Notice of Appeal, which the district court considered as a request for a 28 U.S.C. § 2253 Certificate of Appealability, and then denied on grounds it failed to make a "substantial showing of the denial of a constitutional right."[3] We agree with the district court. We therefore deny Mr. Walker's request for a certificate of appealability and dismiss this appeal.

A review of the record and the magistrate judge's findings and recommendations supports the district court's ruling. The magistrate judge, after reviewing the transcript of the plea hearing,[4] found Mr. Walker had knowingly

---

[3] The district court also denied Mr. Walker's Motion to Proceed In Forma Pauperis on the grounds that Mr. Walker had not presented a reasoned, nonfrivolous argument and had failed to show the appeal was taken in good faith. Mr. Walker has renewed his application for *in forma pauperis* status in his brief on appeal. "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958). As a *pro se* litigant, we give Mr. Walker the benefit of the doubt and find his appeal meets this standard. However, Mr. Walker is responsible for any obligations this creates under 28 U.S.C. § 1915(b).

[4] Because the transcript was not provided in the record on appeal, we defer to the magistrate judge's review of the transcript and his findings. When a trial transcript is not

and intelligently made guilty pleas to all counts after being fully informed of the range of punishment for each offense as enhanced by the prior convictions. Because Mr. Walker was fully informed prior to entering his plea that his prior convictions could be used to enhance his sentences, the magistrate judge properly determined his subsequent pleas of guilty constitute a waiver of all nonjurisdictional defects and defenses occurring prior to the entry of the plea. *See Barker v. United States*, 579 F.2d 1219, 1225-26 (10th Cir. 1978). The magistrate judge concluded this rule of law applies whether the attack is an independent attack on the prior convictions or on the present enhanced sentences through a challenge to the prior convictions. We agree. *Id.* at 1225-26.

The magistrate judge next reviewed Mr. Walker's claim the trial court erred in accepting his guilty plea to "assault with intent to commit rape," without establishing a factual basis for his plea. The magistrate judge found Mr. Walker never alleged he had professed his innocence at the time he entered his guilty plea, nor does the record contain any indication of innocence. Absent a protest of

---

designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct. *See generally United States v. Vasquez*, 985 F.2d 491 (10th Cir. 1993). Because the magistrate judge summarized pertinent portions of the testimony in his report and that testimony supports his findings, we accept his findings as true.

innocence at the time a plea is entered, the magistrate judge properly concluded the trial court has no constitutional duty to establish a factual basis for his plea. *See Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001 (1971).

Lastly, the magistrate judge did not rule on Mr. Walker's claim the trial court improperly considered pardon and parole policies in assessing his sentence, thereby constituting prejudicial error as a matter of state law. Rather, the magistrate judge determined the state's failure to follow its own law on sentencing procedures is insufficient to warrant federal habeas corpus relief. *See Matthews v. Price*, 83 F.3d 328, 331 (10th Cir. 1996). We afford wide discretion to a state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law. *See Haynes v. Butler,* 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988); *Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968). The magistrate judge, after reviewing the record and Okla. Stat. tit. 21, § 51, determined Mr. Walker's sentences were within statutory limits and therefore, he is not entitled to federal habeas relief.

The magistrate judge's determination that Mr. Walker's claims are

unsupported by the record is not erroneous and is supported by the pleadings and record. The district court adopted the magistrate judge's findings and recommendations in denying Mr. Walker's habeas petition and his request for a certificate of appealability, stating he failed to make a "substantial showing of the denial of a constitutional right."

A review of the record and the magistrate judge's findings and recommendations supports the district court's ruling that Mr. Walker failed to substantially demonstrate he has been denied a constitutional right. Accordingly, we conclude the claims raised in Mr. Walker's federal habeas appeal do not meet the standard on which a certificate of appealability may be granted.

We attach hereto a copy of the magistrate judge's Report and Recommendations dated July 23, 1997.

We deny the certificate of appealability and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

Attachment not available electronically.