**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DIONEL BRIDGES,

     Petitioner-Appellant,

v.

GLYNN BOOHER,

     Respondent-Appellee.

No. 99-6191
(W.D. Okla.)
(D.Ct. No. 98-CV-1524-L)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Dionel Bridges, a state inmate appearing _pro se_, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Bridges' request for a certificate of appealablity[1] and dismiss his appeal.

In February 1995, an Oklahoma jury convicted Mr. Bridges of trafficking in cocaine base and failure to affix an appropriate tax stamp. The trial court sentenced him to thirty years in prison on the cocaine charge and five years for the other. The Oklahoma Court of Criminal Appeals affirmed Mr. Bridges' conviction on April 3, 1996.

Mr. Bridges filed his federal habeas petition on October 30, 1998. The federal district court referred the matter to a magistrate judge who recommended dismissing the petition as untimely. Relying on Supreme Court Rule 13.1, the magistrate judge determined Mr. Bridges had ninety days after the April 3, 1996 Oklahoma Court of Criminal Appeals decision, or until July 2, 1996, to file a writ

---

[1] Although the magistrate judge recommended denying Mr. Bridges a certificate of appealability, the district court made no determination on that issue. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. *See United States. v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 123 F.3d 1363 (10th Cir. 1997).

of certiorari with the United States Supreme Court. The magistrate judge then applied the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(1)(A) in determining Mr. Bridges' petition became due July 2, 1997. Because Mr. Bridges did not file his petition until October 30, 1998, the magistrate judge found the petition untimely. In addition, the magistrate judge further found no statutory tolling of the one-year limitation period occurred because Mr. Bridges filed no application for post-conviction relief. After considering Mr. Bridges' unsupported contention that he did not know about the dismissal of his direct appeal until December 1997 and that he is actually innocent of the crime charged, the magistrate judge declined to equitably toll the limitation period finding Mr. Bridges had not shown he diligently pursued his judicial remedies. On *de novo* review, the district court adopted the magistrate judge's recommendation and dismissed Mr. Bridge's habeas petition, finding it was untimely filed and that no circumstances warranted equitable tolling.

On appeal, Mr. Bridge again requests equitable tolling of the limitation period based on the same claims previously asserted – that he was unaware of the dismissal of his direct appeal until December 1997, and because he is innocent of the crime charged. In addition, Mr. Bridges contends his "default" in untimely filing his petition within the statutory time-frame resulted from: (1) the time

needed to learn how to proceed with filling a federal petition during the period from December 1997 to October 1998; (2) his attorney's failure to accept his collect telephone calls or respond to his letters and questions from family members; and (3) the Oklahoma Appeals Court clerk's failure to mail him a copy of his decision. However, he presents no evidence in support of these claims. Finally, Mr. Bridges raises a host of issues concerning the merits of his petition.

We review the district court's factual findings for clear error and its legal basis for dismissal of Mr. Bridges' petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied,* 119 S. Ct. 378 (1998). Under 28 U.S.C. § 2244(d)(1)(A) and (d)(2), the statutory limitation period for filing a habeas petition runs one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and is statutorily tolled during the time which a properly filed application for state post-conviction or other collateral review is pending. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). In this case, the district court applied the one-year limitation period and a ninety-day period for filing a writ of certiorari with the Supreme Court to determine Mr. Bridges had until July 2, 1997 to file his petition. We note the district court generously applied this ninety-day filing period, which we have determined does not apply. *See Rhine v. Boone*, ___

F.3 ___, ___, 1999 WL 459312 at *2 (10th Cir. July 7, 1999) (holding the tolling period does not include time during which petitioner could seek Supreme Court review). However, even under the district court's more generous calculation, Mr. Bridges' petition is untimely. Mr. Bridges did not file for state post-conviction relief, which would have tolled the statutory limitation period, and he did not file his petition until October 30, 1998. Thus, we conclude his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

As to Mr. Bridges' request for equitable tolling, we note courts have historically limited equitable tolling of a statutory limitation period to situations where a petitioner "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990). Under these principles, we conclude Mr. Bridges' assertion that he did not know of the state appellate court's adverse decision until December 1997, his unsubstantiated claim of innocence, and his conclusory claims that his delay in filing his federal petition somehow resulted from the neglect of his attorney and the clerk of court, and the time required for him to prepare his petition, do not present circumstances meriting application of equitable tolling. Because equitable tolling does not apply

in this situation to cure Mr. Bridges' untimely filing of his federal petition, we decline to consider the merits of the issues raised in his petition and on appeal.

After carefully considering Mr. Bridges' petition, application for a certificate of appealability, brief, and record on appeal, we agree with the magistrate judge and district court that his petition is untimely and none of the procedural and equitable tolling principles applies. Under these circumstances, Mr. Bridges fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). For these reasons, we deny Mr. Bridges a certificate of appealability and **DISMISS** the appeal.[2]

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2] The magistrate judge recommended the court deny Mr. Bridges' motion to proceed *in forma pauperis*, but the district court did not specifically rule on the motion. We therefore deem the motion to proceed *in forma pauperis* denied. Mr. Bridges renews his motion on appeal. Giving Mr. Bridges the benefit of the doubt as to his inability to pay, we believe his appeal meets the appropriate standard required for proceeding *in forma pauperis*. He established his good faith by presenting some issues that are not plainly frivolous when construed liberally. *See Ellis v. United States*, 356 U.S. 674, 674-75 (1958). Therefore, we grant Mr. Bridges motion to proceed *in forma pauperis*.