[Cite as *State v. Stewart*, 2016-Ohio-2979.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-15-025

      Appellee                                 Trial Court No. 2014-CR-155

v.

Jamale A. Stewart                              **DECISION AND JUDGMENT**

      Appellant                                 Decided:  May 13, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Chief Assistant Prosecutor, for appellee.

Derek A. Farmer, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jamale Stewart, appeals from the March 26, 2015 judgment of

the Erie County Court of Common Pleas convicting him, following the entry of a guilty

plea to an amended charge of possession of heroin, R.C. 2925.11(A) and (C)(6)(e).  This

statute is a felony of the first degree, but the agreement was to reduce the charge to a

felony of the second degree, which is R.C. 2925.11(A) and (C)(6)(d). The court sentenced appellant to the jointly recommended three years of mandatory imprisonment. Appellee dismissed two additional counts of the indictment for preparation of heroin for sale, R.C. 2925.03(A)(2) and 2925.03(C)(6)(f), and tampering with evidence, R.C. 2921.12(A)(1).

{¶ 2} Several retained counsel represented appellant at trial and filed a notice of appeal from the judgment of conviction and sentencing on April 27, 2015. However, current retained counsel entered an appearance as appellant's counsel on June 10, 2015. He filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there was no arguable appeal except for the one issue he determined lacked merit and moved to be removed as counsel for appellant.

{¶ 3} Because current counsel was retained for a presumably non-indigent appellant, we question whether utilizing the procedure under *Anders* by retained counsel is proper or possibly presents other ethical dilemmas not faced by appointed counsel. We recognize that counsel may be attempting to protect his client.

{¶ 4} The right to be represented by retained counsel throughout the trial phase and an appeal as of right is guaranteed under the Sixth Amendment to the United States Constitution. *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right of an indigent criminal defendant to have court-appointed counsel at state expense is guaranteed by the Due Process Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment to the United States

2.

Constitution. *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Counsel must be provided for an indigent convicted defendant for an appeal as of right based on the guarantee of Equal Protection. *Id.* at 356-357. Indigent appellants are also entitled to effective assistance of appellate counsel. *Evitts* at 388-389.

{¶ 5} All attorneys have an ethical duty to act diligently to advocate for their client. Prof.Cond.R. 1.3. App.R. 16(A)(7) requires that appellant file a brief with an argument as to each assignment of error and "with citations to the authorities, statutes, and parts of the record on which appellant relies." Attorneys also have an ethical duty to avoid advancing unsupported assignments of error. Prof.Cond.R. 3.1; *State v. Smith*, 8th Dist. Cuyahoga No. 88689, 2007-Ohio-3908, ¶ 14, fn. 1 (applying former DR 7-102(A)(2)).

{¶ 6} To balance the duty of appointed counsel to diligently advocate for his indigent client with the duty to avoid pursing frivolous appeals, the United States Supreme Court adopted a procedure for appointed counsel to withdraw from representing the appellant if "counsel is convinced, after conscientious investigation, that the appeal is frivolous. *Anders* at 740-741; *Ellis v. United States*, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). The motion to withdraw must be:

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to

3.

withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. *Anders* at 744.

{¶ 7} These requirements accomplish three goals: First, the brief ensures that appointed "counsel acts in the role of an active advocate in behalf of his client" to a level substantially equal to the advocacy a non-indigent defendant is able to receive through retained counsel. *Anders* at 744-745. Second, the brief "would also induce the court to pursue all the more vigorously its own review" with "the help of an advocate" to ensure that the indigent defendant received substantially equal representation to non-indigent defendants and fair process. *Id.* at 745. Finally, the brief "would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled." *Id.*

{¶ 8} The United States Supreme Court has stated in dicta that when retained counsel determines "that an appeal would be frivolous, he or she has a duty to advise the client that it would be a waste of money to prosecute the appeal." *McCoy v. Court of Appeals of Wisconsin*, Dist. 1, 486 U.S. 429, 437, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). The court further noted that "no merit" briefs * * * are seldom, if ever, filed by retained counsel." *Id.* at 438.

4.

{¶ 9} We note this court requires any attorney, retained or appointed, who has entered an appearance in this court to seek leave to withdraw by filing a motion to withdraw pursuant to the requirements of 6th Dist.Loc.App.R. 1(B). Under that rule, the attorney must show "good cause" to withdraw, "proof of service of the motion to withdraw upon the client and the name and address of any substitute counsel, or, if none, the name and address of the client." Appellant counsel in the case before us has requested leave to withdraw on grounds of irreconcilable differences with his client. However, as we have found nothing to prohibit retained counsel from filing a no-merit brief pursuant to *Anders*, we will proceed with an examination of the record and evidence.

{¶ 10} Appellant's counsel states in his motion that he thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant and that an appeal would be frivolous. He further states that appellant has expressed irreconcilable differences with the attorney. Counsel has, therefore, filed his motion for leave to withdraw and a no-merit brief in compliance with the requirements of *Anders,* setting forth only one potential error.

{¶ 11} No objection was made at the time of sentencing to the mandatory sentence. However, appellant's retained counsel has argued that appellant was not informed that his sentence could be a mandatory term of three years imprisonment nor of the meaning of that term mandatory until the time of sentencing. At the time of sentencing, appellant made a video documentary advising youths to stay crime free with

5.

the hope that the judge would sentence appellant to the mandatory minimum of two years or some alternative.

{¶ 12} R.C. 2925.11(C)(6)(d) requires that the penalty for possession of heroin be a mandatory prison term equal to that prescribed for a felony of the second degree. The mandatory minimum prison term for a felony of the second degree is two, three, four, five, six, seven, or eight years.

{¶ 13} Appellant signed a plea agreement form on November 6, 2014, which indicated a minimum prison sentence of two years. The plea agreement set forth the maximum possible sentence the court could impose, "8 years" of imprisonment, "of which at least 2 years is mandatory." Furthermore, on the second page the "Agreed Recommended Sentence" section indicated that the parties had jointly agreed to recommend three years imprisonment.

{¶ 14} Appellant was informed by the court at the plea hearing that the court was not required to accept the recommended sentence. At that time, the court advised appellant that "[m]andatory prison, felony of the second degree, begins at two years, and goes up to eight years, in increments of a year." Appellant inquired whether the court could sentence appellant to anything it wanted and the court responded: "[a]ll the way to eight years and all the way down to two years."

{¶ 15} We agree that there is nothing in the plea form which indicates a joint recommendation of three years of imprisonment would be a mandatory term. However, the crime for which appellant was charged requires that a mandatory term of

6.

imprisonment be imposed. Furthermore, appellant was informed at the plea hearing that the term would be mandatory. Therefore, we find appellant had notice that any agreed sentence would be a mandatory term.

{¶ 16} Finally, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's "potential" assignment of error is found not well-taken. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

{¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Arlene Singer, J.                   _____

                                                    JUDGE

Stephen A. Yarbrough, J.       

                                         _____

James D. Jensen, P.J.                                        JUDGE
CONCUR.

                                         _____

                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.