[Cite as *State v. Johnson*, 2021-Ohio-3410.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0032** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Municipal Court, Kent Division |
| ALENA LYNN JOHNSON, | Trial Court No. 2020 TRC 00242 K |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: September 27, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal*, 3732 Fishcreek Road, Suite 288, Stow, OH 44224 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Alena Lyn Johnson ("Ms. Johnson"), appeals from the judgment of the Portage County Municipal Court, Kent Division, which accepted her plea of no contest to operating a motor vehicle while intoxicated ("OVI"), and sentenced her to the following: 180 days in jail, with credit for 3 days served and 177 days suspended on the condition that she commits no alcohol and/or drug related offenses; completion of the 72-hour driving impaired program ("DIP"), and payment of a $1,075 fine and court costs, with $700 of the fine suspended, both within 180 days. The court also suspended her driver's license for 13 months, and she was given credit toward the suspension for the period

from January 24, 2020, to the date of sentencing. As a result, her administrative license suspension was terminated.[1]

{¶2} Ms. Johnson's appointed counsel filed a motion to withdraw on the basis that there were no meritorious issues for appellate review. Her motion was accompanied by an "*Anders* Brief" filed pursuant to the holding in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶3} In *Anders*, the Supreme Court of the United States held that "[i]f counsel is convinced, after conscientious investigation, that the appeal is frivolous, * * * he may ask to withdraw on that account." *Id.* at 741, quoting *Ellis v. United States*, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). The *Anders* court delineated several requirements that must be met in order for counsel to withdraw. For instance, the request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support an appeal. *Id.* at 744. Furthermore, counsel must furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any conceivable matters he or she chooses. *Id.* Once these requirements have been met, the appellate court must examine the record fully to determine if the appeal is indeed frivolous. *Id.* If the appellate court determines there are no meritorious issues, it may grant counsel's request to withdraw as counsel and affirm the trial court's decision. *Id.*

{¶4} In response to her counsel's notification, Ms. Johnson filed a memo in which she failed to raise any arguments in support of an appeal. Her memo requested this court

---

1. A review of the Portage County Municipal Court docket, case no. 2020TRC0022K reveals that despite the trial court's February 26, 2021, sentencing judgment entry allowing Ms. Johnson 180 days to complete her sentence, her fine and court costs remain outstanding, and the DIP program, uncompleted. In her memo filed with this court, Ms. Johnson admits she has not completed her sentence, citing her indigent status.

Case No. 2021-P-0032

note that she was not granted a pretrial; her license was suspended from January 24, 2020, to February 21, 2021; 10 days before her suspension was lifted, she was pulled over for not using her turn signal and was cited for driving under suspension; and she is undergoing financial/economic hardship. She asserted, therefore, that her fine and court costs as well as her completion of the DIP program would not be possible. She also noted she has been homeless since March 2019, and she relocated from New Mexico to Kent, Ohio in August of 2019. In addition, she had surgery in the spring of 2019 for a broken ankle from which she is still recovering. She was working with a credit repair group to settle outstanding balances on closed lines of credit and applied for two different apartments. Due to her credit history, however, she has been unable to obtain housing. Attached to her memo was a picture of her broken ankle, several rental applications, and letters from the credit repair group.

{¶5} In her *Anders* brief, counsel sets forth two potential assignments of error: (1) whether the trial court committed reversible and plain error in denying Ms. Johnson's motion to suppress, and (2) whether the trial court's denial of Ms. Johnson's motion to suppress was against the manifest weight of the evidence.

{¶6} Counsel asserted that Ms. Johnson's appeal is not moot even if her sentence is satisfied by the time of this appeal due to the collateral legal consequences of a misdemeanor OVI since it is an enhanceable offense and subjects her to further penalties, such as employment rights, ability to obtain licenses for teaching, auctioneering, embalming, and operating bingo games, as well as the ability to meet the qualifications for approval to be an adoptive parent or foster caregiver. She is also subject

3

to disabilities under federal law, including loss of financial aid and ineligibility for public housing and government employment.

{¶7} At the outset, we note that Ms. Johnson's plea of no contest would not act to waive her assigned error on appeal. Unlike a plea of guilty, a plea of no contest does not operate as a waiver of any trial court error concerning the suppression of evidence. *State v. Feliano*, 11th Dist. Lake No. 2004-L-205, 2006-Ohio-1678, ¶ 13.

{¶8} "'In order for an investigative stop to fall within constitutional parameters, the police officer must be able to cite articulable facts that give rise to a reasonable suspicion that the individual is currently engaged in or is about to engage in criminal activity.'" *State v. James*, 11th Dist. Portage No. 2009-P-0082, 2010-Ohio-4556, ¶ 16, quoting *State v. Gray*, 11th Dist. Geauga No. 99-G-2249, 2000 WL 973411, *2 (July 14, 2000), citing *Terry v. Ohio*, 392 U.S. 1, 6, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶9} The trial court overruled Ms. Johnson's motion to suppress, finding that the "parties stipulate that [the] only basis for motion was basis to initiate stop. Court finds that officer had reasonable and articulable basis to initiate stop of vehicle. Motion to suppress overruled. Set matter for trial[.]"

{¶10} A review of the suppression hearing transcript reveals the officer did have a reasonable and articulable basis to initiate a stop of Ms. Johnson's vehicle. More specifically, the officer testified that he was on patrol on East Main Street in the city of Kent. He observed Ms. Johnson's vehicle traveling on both eastside lanes. When the vehicle went through a red light, the officer decided to follow it. The driver then made two turns without signaling and ran a stop sign. This last violation was not clear on the officer's dash cam video. Ms. Johnson was cited for two OVI offenses in violation of R.C.

4

4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), both first-degree misdemeanors, with a blood alcohol concentration of .135, as well as failing to stop at a stop sign, a minor misdemeanor, in violation of R.C. 4511.43. Ms. Johnson ultimately pleaded guilty to one OVI offense in violation of R.C. 4511.19(A)(1)(d), and the remaining counts were dismissed upon motion of the prosecutor.

{¶11} We agree with the trial court that the officer testified to multiple traffic violations prior to initiating the stop. As we observed in *State v. Armington*, 2019-Ohio-1713, 136 N.E.3d 6 (11th Dist.), violations of traffic laws not only give rise to a reasonable suspicion that a crime is or about to occur, but they can form probable cause for a traffic stop. *Id.* at ¶ 35. Thus, "[a] traffic stop is reasonable when an officer possesses probable cause to believe an individual committed a traffic violation." *State v. Davis*, 11th Dist. Portage No. 2005-P-0077, 2006-Ohio-3424, ¶ 23, citing *Whren v. United States*, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.E.2d 89 (1996). Furthermore, an officer is not required to possess proof of a violation so long as the officer reasonably believes the conduct observed constitutes a form of the offense in question. *Id.*

{¶12} Lastly, we note that Ms. Johnson is free to file with the trial court a motion to waive court costs at any time due to her indigent status. *See State v. Moore*, 11th Dist. Lake No. 2018-L-070, 2019-Ohio-2396, ¶ 76 (appellant's request to review the trial court's imposition of court costs was without merit since he was free to file a motion to waive court costs in the trial court "any time" if was indigent).

{¶13} After a thorough and independent review of the record, including the transcripts of the suppression and sentencing hearings and Ms. Johnson's brief and memo, we hold there was sufficient evidence upon which to convict and sentence her for

5

an OVI and that there is no arguable error as to the trial court overruling the motion to suppress in this case.

{¶14} As there are no arguable legal points on the merits of this matter, counsel's motion is granted, and the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-P-0032