OPINION
{¶ 1} Appellant, Stephanie S. Jones, appeals from the June 25, 2003 judgment entry of the Trumbull County Court, Central District, in which she was sentenced for driving under the influence ("DUI").
 {¶ 2} On October 5, 2002, appellant was charged with DUI, a misdemeanor of the first degree, in violation of R.C.4511.19(A)(6). On January 23, 2003, appellant filed a motion to suppress evidence of her Breathalyzer test.
 {¶ 3} A suppression hearing was held on June 25, 2003. Appellant and appellee, the state of Ohio, stipulated that the test results would not come in and proceeded solely on the issue of probable cause regarding the initial traffic stop. At the close of the hearing, the trial court determined that there was sufficient cause for the stop. Appellant then entered a plea of no contest to R.C. 4511.19(A)(1).[1]
 {¶ 4} At the suppression hearing, Officer Aaron Kaciewicz ("Officer Kaciewicz"), an officer with the Brookfield Police Department, testified for appellee that on October 5, 2002, he received a call regarding a suspicious vehicle in a trailer park.[2] After speaking with the caller, Officer Kaciewicz stated that at approximately 3:20 a.m., he identified the suspicious vehicle, which he observed parked, with the engine off and the lights out and two individuals sitting inside. Officer Kaciewicz expressed concern for the two individuals' safety because he believed that they may have been fighting due to their gestures and movement. Officer Kaciewicz indicated that he pulled his cruiser behind the vehicle, exited, and began to approach the car. At that time, Officer Kaciewicz said that the passenger got out of the vehicle, and the driver, appellant, began to drive off.
 {¶ 5} According to Officer Kaciewicz, he followed appellant's vehicle, which he explained was driven in an erratic manner and which appeared to be speeding. Officer Kaciewicz stated that "[w]hile the vehicle was driving away, it appeared that [appellant was] going back and forth between the gas pedal and brake pedal. The vehicle would start to go, stop, start to go, stop — kind of like a bouncing motion, as if [appellant was] driving with [her] foot on both the gas and brake. Gassing and braking." Officer Kaciewicz said that appellant's vehicle began to speed up, and he believed that appellant was speeding. Officer Kaciewicz indicated that if he were on routing patrol, he would have stopped a driver of a vehicle acting in the same manner.
 {¶ 6} Also, Officer Kaciewicz testified that appellant's driving was not normal and caused him to be concerned for her safety as well as the public's. Because appellant's vehicle drove away in such an erratic manner, Officer Kaciewicz decided to pull it over to see if appellant was okay. At that time, Officer Kaciewicz stopped appellant's vehicle and she was charged with DUI.
 {¶ 7} Pursuant to its June 25, 2003 judgment entry, the trial court found appellant guilty of DUI in violation of R.C.4511.19(A)(1) and sentenced her to a fine of $1,000 plus costs and one hundred eighty days in jail. The trial court suspended $750 of the fine as well as one hundred seventy seven days of the jail sentence. The trial court suspended appellant's driver's license for one hundred eighty days with credit for one hundred eighty days. Also, the trial court placed appellant on reporting probation for a period of one year. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 8} "The trial court committed reversible error by overruling the motion to suppress any and all evidence obtained from the unlawful and invalid detention and arrest [of appellant]."
 {¶ 9} In her sole assignment of error, appellant argues that the state did not satisfy its burden of proof regarding whether Officer Kaciewicz had a reasonable suspicion, based upon specific and articulable facts, sufficient to justify the traffic stop. Appellant stresses that her actions were consistent with only innocent behavior.
 {¶ 10} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16, that:
 {¶ 11} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594 * * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96
* * *." (Parallel citations omitted.)
 {¶ 12} In order to determine whether an investigative stop was constitutional, we must ascertain whether the officer had reasonable suspicion, based on articulable facts, that criminal behavior has occurred or is about to occur. Terry v. Ohio
(1968), 392 U.S. 1, 30. The propriety of an investigative stop must be viewed in light of the totality of the circumstances as viewed through the eyes of a reasonable and prudent police officer. State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
 {¶ 13} In Mentor v. Phillips, 11th Dist. No. 2001-L-100, 2002-Ohio-4512, at ¶ 15, quoting State v. Spikes (June 9, 1995), 11th Dist. No. 94-L-187, 1995 Ohio App. LEXIS 2649, at 4, this court stated that: "`there must be some indicia of erratic driving to warrant an investigative stop * * *.'" Erratic driving includes unusual braking. State v. Evans (1998),127 Ohio App.3d 56, 63.
 {¶ 14} In the case at bar, the initial call and Officer Kaciewicz's observations provided him with a reasonable suspicion to stop appellant's vehicle. Again, Officer Kaciewicz testified that he was first concerned for appellant's and the passenger's safety because he believed that they may have been fighting. When Officer Kaciewicz approached appellant's vehicle, he explained that the passenger got out, and appellant drove away. Officer Kaciewicz then followed appellant's vehicle, which he said was driven in an erratic manner and which appeared to be speeding. Officer Kaciewicz indicated that appellant kept hitting the gas and the brakes and began to speed up. Pursuant to Evans andSpikes, supra, the dispatch call, Officer Kaciewicz's observations and concern that appellant and the passenger may have been fighting, the passenger getting out of the vehicle, and appellant speeding away and driving in an erratic manner as evidenced by the unusual braking, warranted Officer Kaciewicz's stop of appellant's vehicle. Also, Officer Kaciewicz's concern for appellant's and the public's safety and to provide assistance justified the stop. State v. Norman (1999), 136 Ohio App.3d 46,54. Thus, based on the totality of the circumstances, Officer Kaciewicz had a reasonable suspicion, based upon specific and articulable facts, to justify the traffic stop. The trial court did not err by overruling appellant's motion to suppress.
 {¶ 15} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Trumbull County Court, Central District, is affirmed.
O'Neill, J., Rice, J., concur.
[1] Pursuant to the trial court's June 25, 2003 judgment entry, the state amended the October 5, 2002 DUI charge in violation of R.C. 4511.19(A)(6) to a violation of R.C. 4511.19(A)(1).
[2] The name of the trailer park was not identified in the transcript. Also, the car at issue was identified by an unidentified caller.