OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Vincent Auletta, appeals from a judgment entry of the Willoughby Municipal Court, denying his motion to suppress. For the following reasons, we affirm.
 {¶ 2} On June 14, 2004, Willoughby Hills Police Officer, Ronald S. Parmertor ("Officer Parmertor"), issued a traffic citation to appellant for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), and driving without a license, in violation of R.C. 335.06. At his initial appearance before the Willoughby Municipal Court, appellant pleaded not guilty to the foregoing charges.
 {¶ 3} Appellant filed a motion to suppress the evidence surrounding Officer Parmertor's traffic stop, which resulted in the citation. The motion argued that the evidence should be suppressed because Officer Parmertor did not have probable cause to initiate the stop and because the stop was pretextual.
 {¶ 4} The municipal court conducted a hearing on appellant's motion to suppress. Officer Parmertor was the sole witness to testify. He stated that on the evening of June 14, 2004, he was dispatched to the intersection of Loreto Road and Chardon Road, in Lake County, Ohio. Officer Parmertor was dispatched to the intersection to re-rout traffic from Chardon Road, as the road was closed due to a fire caused by a damaged electrical transformer. Officer Parmertor testified that he had initially set out traffic cones to re-rout traffic. However, after multiple vehicles drove past the cones, he personally stopped all vehicles to advise them of the road closing and assist drivers with re-routing directions.
 {¶ 5} At approximately 8:20 p.m., a Cleveland Metroparks Ranger's vehicle approached the intersection. Appellant's vehicle was directly behind the ranger's vehicle. Officer Parmertor testified that when he stopped and spoke with the ranger, the ranger stated that appellant's vehicle had been tailgating his vehicle.
 {¶ 6} Officer Parmertor further testified that he initially stopped appellant's vehicle to provide information regarding the road closing and to provide an alternate route. However, upon the initial stop, he detected a strong odor of alcohol emanating from appellant's vehicle and that appellant's eyes were bloodshot and glossy. Officer Parmertor asked appellant whether he had been drinking, and appellant stated that he had consumed three beers. Based upon these circumstances, Officer Parmertor directed appellant to pull his car to the side of the road. Appellant complied.
 {¶ 7} Officer Parmertor stated that once appellant had pulled to the side of the road, he conducted field sobriety tests. Appellant performed the field sobriety tests poorly and was unable to provide a driver's license. Ultimately, Officer Parmertor issued a traffic citation for DUI and driving without a license.
 {¶ 8} Following the hearing, the municipal court denied appellant's motion to suppress. The court found that Officer Parmertor's traffic stop was proper. Moreover, the court determined that the totality of the circumstances demonstrated Officer Parmertor's "arrest of [appellant] was based on probable cause."
 {¶ 9} Subsequent to the court's denial of his motion to suppress, appellant pleaded no contest to the citations. Accordingly, the municipal court found appellant guilty of DUI and driving without a license, and suspended his license for one hundred eighty days, with certain driving privileges after fifteen days.
 {¶ 10} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 11} "The trial court's finding that the police officer had the right to pursue and investigate a vague suspicion was pretextual and over-broad, and should have granted Defendant-Appellant's motion to suppress."
 {¶ 12} As a brief aside, we note that appellant's plea of no contest does not act to waive his assigned error on appeal. Unlike a plea of guilty, a plea of no contest does not operate as a waiver of any trial court error concerning the suppression of evidence. State v. Brown,
11th Dist. No. 2001-P-0055, 2001-Ohio-8825, 2001 Ohio App. LEXIS 5862, at 4.
 {¶ 13} That being said, we will set forth the appropriate standard of review. At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. Smith (1991), 61 Ohio St.3d 284, 288.
 {¶ 14} On review, an appellate court must accept the trial court's findings of fact if they are supported by competent and credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must independently determine, as a matter of law, whether the applicable legal standard has been met. Id. at 592. See, also, State v. Swank (Mar. 22, 2002), 11th Dist. No. 2001-L-054, 2002-Ohio-1337, 2002 Ohio App. LEXIS 1345.
 {¶ 15} Under his sole assignment of error, appellant argues that Officer Parmertor did not have the requisite reasonable suspicion to initiate a traffic stop and to further investigate appellant for DUI. Specifically, appellant maintains that Officer Parmertor's initial stop was predicated solely upon the ranger's statement that appellant had been tailgating. He further notes that Officer Parmertor's initial stop was pretextual as it was not based upon a traffic violation. Thus, appellant concludes that the warrantless traffic stop was not justified and the evidence resulting from such stop should have been suppressed.
 {¶ 16} When a police officer stops a vehicle and detains its occupants, he or she has "seized" the vehicle and its occupants within the meaning of the Fourth Amendment to the United States Constitution. See, e.g., Terry v. Ohio (1968), 392 U.S. 1, 9. The Fourth and Fourteenth
Amendments to the United States Constitution prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification. Terry at 20-21. See, also, State v.Andrews (1991), 57 Ohio St.3d 86, 87.
 {¶ 17} Generally, to effectuate a constitutionally valid investigative stop, the police officer must have a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry at 21. "In the context of a traffic stop, the police officer must have reasonable and articulable suspicion that the motorist is operating a vehicle in violation of the law." State v. Carleton (Dec. 18, 1998), 11th Dist. No. 97-G-2112, 1998 Ohio App. LEXIS 6163, at 7-8, citing Delaware v. Prouse (1979), 440 U.S. 648.
 {¶ 18} However, under appropriate circumstances, a law enforcement officer may be justified in stopping a vehicle to provide assistance without a reasonable suspicion of criminal activity. State v. Norman,136 Ohio App.3d 46, 54, 1999-Ohio-961. "Police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy to carry out `community caretaking functions' to enhance public safety. The key to such permissible police action is the reasonableness required by the Fourth Amendment." Id. See, also, Statev. Jones, 11th Dist. No. 2003-T-0107, 2004-Ohio-6177, at ¶ 14; State v.Stanberry, 11th Dist. No. 2002-L-028, 2003-Ohio-5700, at ¶ 23.
 {¶ 19} Thus, when stopping a vehicle for safety reasons, the police officer must provide reasonable, articulable facts upon which to base his or her safety concerns. "Such a requirement allows a reviewing court to answer Terry's fundamental question in the affirmative: `would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?'" Norman at 54, quoting Terry at 21-22.
 {¶ 20} We first note that Officer Parmertor's initial stop was not predicated solely upon the ranger's statement. To the contrary, Officer Parmertor testified that he also stopped appellant's vehicle to simply re-rout the vehicle due to the road closing. There was no evidence that Officer Parmertor singled out appellant's vehicle or selectively chose appellant's vehicle to re-rout. Instead, Officer Parmertor testified that he stopped all vehicles at the intersection to explain that Chardon Road was closed and to assist in re-routing the vehicles. Given the totality of the circumstances, a police officer receiving a complaint of tailgating and, furthermore, giving safety instructions, provides reasonable articulable facts to make an initial stop.
 {¶ 21} More importantly, Officer Parmertor provided reasonable, articulable facts which justified the initial stop as a safety precaution. Specifically, the facts established that a damaged electrical transformer had caused a fire which required the closing of Chardon Road. Officer Parmertor's initial attempts to re-route traffic by using traffic cones was unsuccessful, as multiple vehicles bypassed the cones in an attempt to traverse Chardon Road. As a result, Officer Parmertor personally stopped all vehicles to advise them of the road closing and to assist drivers with re-routing directions.
 {¶ 22} Because Officer Parmertor's initial stop was justified to carry out community caretaking functions to enhance public safety, such stop was reasonable under the Fourth Amendment to the United States Constitution. Thus, despite the absence of a traffic violation, the initial stop was proper.
 {¶ 23} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the trial court's denial of appellant's motion to suppress.
O'Neill, J., Grendell, J., concur.