OPINION
{¶ 1} Appellant, John W. Davis, appeals the judgment of the Portage County Municipal Court denying his motion to suppress evidence.
 {¶ 2} At approximately 2:00 a.m. on June 18, 2004, appellant was leaving the Zephyr Pub at the corner of South Water Street and Main Street in Kent, Ohio. As he left the bar, appellant testified he observed and made eye contact with a police officer sitting in a police cruiser outside the bar.[1] Appellant entered his vehicle and proceeded down Main Street.
 {¶ 3} Officer Ed Wheeler of the Kent Police Department was patrolling the downtown area of Kent when he observed appellant's vehicle stopped at a red light at the intersection of West Main Street and North Water Street. Once the light turned green, the vehicle released a large amount of bluish smoke which was "very noticeable" notwithstanding the warm, summer weather. Wheeler followed appellant's vehicle and, at the next stop light, again observed the vehicle produce a large amount of noticeable bluish smoke.
 {¶ 4} Appellant proceeded down Main and, at the intersection of Main Street and South Mantua Street, Officer Wheeler testified appellant made a wide left turn into the curb lane of South Mantua, a two-lane, one-way street. Shortly thereafter, appellant made a left turn (across the left lane of traffic) into a residential driveway on South Mantua. Officer Wheeler activated his overhead lights and stopped appellant in the driveway.
 {¶ 5} Upon approaching the vehicle, Wheeler observed appellant's eyes were glassy and appellant projected an odor of alcoholic beverage. Following appellant's admission that he consumed three or four beers, Officer Wheeler administered field sobriety tests. Appellant was ultimately arrested for driving under the influence, pursuant to R.C. 4511.19(A)(1)(a) and cited for a marked lane violation pursuant to R.C. 4511.33, and an excessive smoke violation pursuant to R.C. 4513.22.
 {¶ 6} On June 18, 2004, appellant pleaded guilty to the DUI charge and was sentenced. On July 16, appellant moved the court to vacate his plea pursuant to Crim.R. 32.1, which the trial court denied on July 19, 2004. On July 28, 2004, appellant again moved the trial court to vacate his guilty plea. On the same date, the trial court sustained appellant's motion and set the matter for trial.
 {¶ 7} On August 12, 2004, appellant filed his motion to suppress evidence. On May 25, 2005, a hearing on appellant's motion was held and on June 22, 2005, the trial court overruled appellant's motion. On August 24, 2005, appellant entered a plea of no contest to the DUI charge after which the trial court found appellant guilty. Appellant was sentenced to thirty days in jail, fined $600 with court costs, and had his driver's license suspended for six months. The trial court suspended the jail time and $350 of the fine provided appellant: complete seventy-two hours of DUI school within ninety days, had no alcohol offenses for two years, and paid all fines and costs.
 {¶ 8} Appellant now appeals and assigns the following error for our review:
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant by overruling defendant-appellant's motion to suppress in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section Fourteen of the Ohio Constitution."
 {¶ 10} At a hearing on a motion to suppress evidence, the trial court, as the trier of fact, is in the best position to assess the evidence, evaluate the credibility of witnesses, and resolve conflicting factual issues. State v. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926, at ¶ 9, citing State v. Mills
(1992), 62 Ohio St.3d 357, 366. Accordingly, when considering a trial court's ruling on a motion to suppress, a reviewing court shall accept the trial court's factual determinations where they are supported by competent, credible evidence. State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Once the facts are accepted as true, an appellate court must independently determine, without deference to the trial court's conclusion, whether the applicable legal standard was met. State v. Weiss,
11th Dist. No. 2004-L-090, 2005-Ohio-6704, at ¶ 16.
 {¶ 11} Based upon the record and testimony at the suppression hearing, we hold the trial court's factual determinations are supported by competent, credible evidence. Therefore, our focus in this matter is whether, in light of the facts, the trial court was correct in its determination that Officer Wheeler had reasonable suspicion based upon articulable facts that appellant was engaging in criminal activity at the time of the stop.
 {¶ 12} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." "[A] person has been seized for the purposes of theFourth Amendment when a law enforcement officer, by means of physical force or show of authority, has in some way restrained his [or her] liberty such that a reasonable person would not feel free to walk away. State v. Robinette, 73 Ohio St.3d 650, 654, 1995-Ohio-162, citing, United States v. Mendenhall (1980),446 U.S. 544, 553-554. When a police officer stops a vehicle and detains its occupant(s), he or she has effectively "seized" the vehicle and its occupant(s). City of Willoughby Hills v.Auletta, 11th Dist. No. 2004-L-172, 2005-Ohio-5279, ¶ 16.
 {¶ 13} Under his sole assignment of error, appellant asserts the arresting officer did not have the requisite reasonable, articulable suspicion to believe appellant was engaging in illegal activity and therefore, the stop leading to appellant's arrest was pretextual and unconstitutional.
 {¶ 14} Fundamentally, appellant contends the stop leading to his eventual arrest was not occasioned by a valid "investigative" detention. The investigative stop exception to theFourth Amendment warrant requirement allows an officer to stop a motorist when he or she has a reasonable suspicion based upon specific, articulable facts that criminal activity is afoot.Terry v. Ohio (1968), 392 U.S. 1, 21. Such a stop will be deemed valid if a reasonable and prudent officer, viewing the totality of the circumstances, has reasonable, articulable suspicion of criminal activity. State v. Andrews (1991),57 Ohio St.3d 86, 89.
 {¶ 15} In support of his assigned error, appellant contends Officer Wheeler did not have reasonable suspicion to justify the stop because, although he perceived "excessive smoke" emanating from the vehicle's exhaust, Wheeler did not investigate whether the vehicle had been "equipped with a device for producing excessive smoke" in violation R.C. 4513.22, Ohio's muffler statute. Appellant further argues that even if he did cross a traffic lane when he pulled into the residential driveway, doing so could not establish reasonable suspicion of a "marked lanes" violation. Accordingly, appellant concludes, Officer Wheeler's purported justifications for stopping him were merely pretextual and thus fall outside the scope of the investigative stop exception to the Fourth Amendment.
 {¶ 16} We first note appellant's arguments appear to challenge whether there was sufficient evidence for the court to find he actually committed the excessive smoke and marked lane violations. However, at a suppression hearing, the state does not have to prove beyond a reasonable doubt that the defendant committed each element of the crime charged. Rather, under the circumstances, the state was required to prove that, under the totality of the circumstances, Officer Wheeler possessedreasonable suspicion based upon articulable facts that appellant was engaging in criminal activity.
 {¶ 17} At the hearing, Officer Wheeler testified he first observed appellant's vehicle when it was stopped at a red light. According to Wheeler, "[w]hen [appellant] proceeded from a stop there was a large amount of excessive smoke that was produced when he started from the stop.
 {¶ 18} "This was very noticeable because it was a warm summer night. * * *
 {¶ 19} "I pulled behind him and once he reached North Mantua Street, he stopped for a red light. When it turned green, he proceeded again. Again, it produced a large amount of white — bluish smoke that was very noticeable.
 {¶ 20} "Once he came to the intersection at South Mantua Street, he made a lefthand [sic] turn. He made the turn wide into the curb lane instead of the left lane. It's a two lane, one-way street.
 {¶ 21} "As he proceeded southbound in that righthand [sic] lane, he made a lefthand [sic] turn across both lanes of traffic into a driveway at, I believe, it was 133 South Mantua Street."
 {¶ 22} At the suppression hearing, Officer Wheeler detailed four perceived traffic violations. Not only were Wheeler's observations sufficient to support a finding of reasonable suspicion, given all the circumstances, we believe they also support a finding of probable cause.
 {¶ 23} Probable cause is a higher standard than that of reasonable suspicion. See, e.g., State v. Smith (1996),117 Ohio App.3d 278, 282. An officer has probable cause to stop a vehicle where he observes conduct which he reasonably believes violates the law. State v. Lawless (June 25, 1999), 11th Dist. No. 98-P-0048, 1999 Ohio App. LEXIS 2941, at 9, citing Beck v.Ohio (1964), 379 U.S. 89, 91. An officer is not required to possess proof of a violation so long as the officer reasonably believes the conduct observed constitutes a form of the offense in question. State v. Williams (Nov. 21, 1997), 2d Dist. No. 16306, 1997 Ohio App. LEXIS 6083. A traffic stop is reasonable when an officer possesses probable cause to believe an individual committed a traffic violation. Whren v. United States (1996),517 U.S. 806, 809; see, also, Dayton v. Erickson,76 Ohio St.3d 3, 11-12, 1996-Ohio-431.
 {¶ 24} R.C. 4513.22, Ohio's "excessive smoke" statute, provides, in relevant part:
 {¶ 25} "No person shall own operate, or have in the person's possession any motor vehicle or motorcycle equipped with a device for producing excessive smoke or gas, or so equipped as to permit oil or any other chemical to flow into or upon the exhaust pipe or muffler of such vehicle, or equipped in any other way to produce or emit smoke or dangerous or annoying gases from any portion of such vehicle, other than the ordinary gases emitted by the exhaust of an internal combustion engine under normal operation."
 {¶ 26} Further, R.C. 4511.36(A)(3), the statute governing rules for turns at intersections, provides:
 {¶ 27} "At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection, the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane of the roadway being entered lawfully available to traffic moving in that lane."
 {¶ 28} Finally, R.C. 4511.33(A)(1) prohibits a motorist from moving out of a single lane of traffic without first ascertaining his or her movement can be made with safety.
 {¶ 29} Officer Wheeler testified he twice observed copious amounts of "bluish" smoke issuing from the vehicle's exhaust area. Further, Wheeler testified appellant made a wide left turn from one street onto the right-most lane of the double lane one-way street. Finally, Wheeler observed appellant suddenly cross a lane of traffic into a driveway of a home of which he was not a resident. Taken in sum, we believe Wheeler's testimony demonstrates he had probable cause to stop appellant for the various traffic violations set forth above.[2]
 {¶ 30} Once appellant was stopped, Officer Wheeler briefly inquired as to whether appellant had a driver's license and vehicle registration. During this encounter, Officer Wheeler testified appellant possessed glassy eyes and exhibited an odor of alcoholic beverage. Such observations provided reasonable facts for Wheeler to inquire into appellant's alcohol consumption that evening which led to appellant's eventual arrest for driving under the influence.
 {¶ 31} Because Wheeler had probable cause to stop appellant, the trial court did not err in denying appellant's motion to suppress evidence and thus, we overrule appellant's single assignment of error.
 {¶ 32} The judgment of Portage County Municipal Court is hereby affirmed.
Donald R. Ford, P.J., William M. O'Neill, J., concur.
[1] Appellant alleged the officer with whom he made eye contact was Officer Ed Wheeler, the arresting officer in the instant matter. However, the evidence indicated there were four officers patrolling the city that night. On direct examination, Officer Wheeler denied observing appellant leave the bar and testified he was on active, mobile patrol throughout his shift, i.e. he was never stationary. On cross-examination, appellant testified he could not positively identify Officer Wheeler as the officer with whom he made eye contact and admitted it could have been any one of the four patrolling officers.
[2] It is worth noting that Officer Wheeler's observations regarding the "excessive smoke" and appellant's "improper left turn" would each be independently adequate to support a finding of probable cause.